**FILED**

**JUN 1 5 2007**

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **DARLENE E. HOWELL,** ) | |
| **Parent and Next Friend of DH** ) | |
| **8003 Parkside Lane, NW** ) | |
| **Washington, D.C. 20012** ) | |
| **Plaintiff,** ) | |
| ) | Civil Action No. _____ |
| v. ) | |
| ) | |
| **DISTRICT OF COLUMBIA,** ) | |
| **441 – 4ᵗʰ Street, NW, 6ᵗʰ Floor South** ) | |
| **Washington, DC 20001** ) | |
| ) | Case: 1:07-cv-01066 |
| **DISTRICT OF COLUMBIA** ) | Assigned To : Urbina, Ricardo M. |
| **PUBLIC SCHOOLS** ) | Assign. Date : 6/15/2007 |
| **825 North Capitol Street, NE** | Description: TRO/PI |
| **Washington, DC 20002** | |

**LINDA SINGER**
**441 Fourth Street, NW**
**Suite 600 South**
**Washington DC 20001**

  **Defendants**

### NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§1441 and 1446, defendants District of Columbia, Adrian Fenty,

Clifford Janey, and Linda Singer, through undersigned counsel, notify the Court of the removal

of the above-captioned action filed in the Superior Court of the District of Columbia, Civil

Action Number 0003793-07. The ground for removal is that the complaint asserts, *inter alia,*

causes of action "founded on a claim or right arising under the Constitution, treaties or laws of

the United States" which are removable without regard to the citizenship or residence of the

parties. *See* 28 U.S.C. Sec. 1441 (b). In their complaint, Plaintiffs allege violations of the

Individuals with Disabilities Education Improvement Act of 2004, 20 U.S.C.A. Sec. 1400 *et seq.,*

the Rehabilitation Act of 1973 (Section 504), 29 USC 794 and the Americans with Disabilities

Act, 42 USC 12101 *et seq.* (Complaint at 2 and 3).

WHEREFORE, this action now pending in the Superior Court of the District of Columbia

is properly removed to this Court, and the Superior Court of the District of Columbia "shall

proceed no further unless and until the case is remanded." 28 U.S.C. Sec. 1446(d).

Pursuant to 28 U.S.C. § 1446(a) copies of all process, pleadings and orders received by

undersigned counsel in this matter are attached hereto and incorporated by reference herein.


Respectfully submitted,


LINDA SINGER
Acting Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division


EDWARD P. TAPTICH [012914]
Chief, Equity, Section 2


MARIA L. MERKOWITZ [312967]
Senior Litigation Counsel
441 4th Street, N.W.
Sixth Floor North
Washington, DC 20001
(202) 442-9842
FAX - (202) 727-3625
E-mail – maria.merkowitz@dc.gov


2

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was mailed, postage prepaid, this 14th day

of June, 2007, to

Roy Carleton Howell, Esq.
8003 Parkside Lane, NW
Washington DC 20012

Attorney for Plaintiff

Maria L. Merkowitz
Senior Litigation Counsel

# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## OFFICE OF THE JUDGE IN CHAMBERS

TO: _Linda Singer_

CASE NO.: _CA3793-07_

### NOTICE OF HEARING

You are hereby notified that there will be a hearing on Plaintiff's request for a Temporary Restraining Order (T.R.O.) against you, on

_6/18/07_
(date)
, at _10:30_
(time)
a.m./~~p.m.~~ at

D.C. SUPERIOR COURT, 500 Indiana Avenue, N.W., Room 4220, 4th floor.

If you wish to be heard, your presence is required.

FORM SO-2064/Jul. 98

WHITE - DEFENDANT

CANARY - PLAINTIFF

PINK - COURT FILE

07 1066

# FILED

JUN 1 5 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
CIVIL DIVISION

RECEIVED
Civil Clerk's Office

JUN 0 4 2007

Superior Court of the
District of Columbia
Washington, D.C.

DARLENE E. HOWELL, *et al.*,

      Plaintiffs

v.

DISTRICT OF COLUMBIA, *et al.*,

      Defendants.

Civil Action No. 0003793-07 _____

JUDGE: _____

---

## MOTION FOR TEMPORARY RESTRAINING ORDER

**COME NOW** Plaintiff Darlene E. Howell as parent and next friend of D.H. by Attorney Roy Carleton Howell, and Associates and moves for a Temporary Restraining Order per *SCR Civil 65 (b)*.

In support of this Motion for a Temporary Restraining Order, Plaintiffs rely upon the accompanying Memorandum of Points and Authorities and Exhibits attached thereto.

A proposed Order is filed herewith

Respectfully submitted,

Roy Carleton Howell, No. 415142
8003 Parkside Lane, N.W.
Washington, D.C. 20012
Home Phone (202) 545-0750
Office Phone (202) 545-0755

Attorney for Plaintiff

1

## CERTIFICATE OF SERVICE

I hereby certify that a copy of this Motion for a Temporary Restraining Order and proposed order, were served upon:

Adrian Fenty, Mayor
Wilson Building
1350 Pennsylvania Avenue, NW
Washington, D.C. 2004

Clifford Janey, Superintendent
825 North Capital Street, N.E.
Washington, D.C. 20002

Linda Singer, Attorney General
441 Fourth Street, N.W.
Suite 600 South
Washington, D.C. 20001.

The date and time of service of each of the above is set out in three separate affidavits of the process server.

Respectfully,

Roy Carleton Howell

*1 Dec. 6/5/07*
*p2*
*11:20 Au*



## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
### CIVIL DIVISION

DARLENE E. HOWELL
Vs.
DISTRICT OF COLUMBIA

C.A. No.        2007 CA 003793 B

## INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

Chief Judge Rufus G. King, III

Case Assigned to:  Judge MELVIN R WRIGHT
Date:   June 4, 2007
Initial Conference: 9:30 am, Friday, September 28, 2007
Location:   Courtroom 200
            500 Indiana Avenue N.W.
            WASHINGTON, DC  20001

Caio.doc

## ADDENDUM TO INITIAL ORDER AFFECTING
## ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www:dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 105, 515 5th Street, N.W. (enter at Police Memorial Plaza entrance). Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code § 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Clerk's Office. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Rufus G. King, III

CA Form 1

# Superior Court of the District of Columbia

## CIVIL DIVISION
### 500 Indiana Avenue, N.W., Room JM-170
### Washington, D.C. 20001 Telephone: 879-1133

Darlene E. Howell,
Parent and Next Friend of DH
8003 Parkside Lane, N.W.
Washington, D.C. 20012

*Plaintiff*

vs.

Civil Action No. ___0003793-07___

Linda Singer, Attorney General
1350 Pennsylvania Avenue, NW
Washington, DC 20004

*Defendant*

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Roy CARLETON HoweLL
Name of Plaintiff's Attorney

8003 PArkSide Lone, NW
Address  WASH, D.C. 20012

(202) 545-0750
Telephone

*Clerk of the Court*

By _____
Deputy Clerk

Date 6/4/07

**PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170**

**YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170**

### NOTE: SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.

CV(6)-456/May 03

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
CIVIL DIVISION

_____

DARLENE E. HOWELL, *et al.*,
Parent and Next Friend of D.H.,

        Plaintiffs,

    v.                              Civil Action No. 0003793-07_____

                                           JUDGE: _____

DISTRICT OF COLUMBIA *et al.*,

        Defendants.

_____

**PETITIONERS' MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF TEMPORARY RESTRAINING ORDER**

**I.    INTRODUCTION**

        D.H. is a special needs student with significant disabilities enrolled in the

D.C. public school system. D.H. has an Individual Education Program (IEP) pursuant to

the ***Individuals With Disabilities Education Improvement Act 2004, 20 USC §§ 1400 et***

***seq. (IDEA)*** and ***34 C.F.R. Part 300***, which was amended 10th January 2007. *See,*

*Exhibit # 1.* The amended 10th January 2007 IEP was executed pursuant to an 18th

December 2007 Settlement Agreement. *See, Exhibit # 2.*

**II.    CAUSE OF ACTION**

        This is a cause of action against the District of Columbia for violation of an

18th December 2006 Settlement Agreement and 10th January 2007 amended IEP to

provide D.H. with a Free Appropriate Education (FAPE) pursuant to contract. In the

District of Columbia, settlement agreements are treated as contracts. ***Makins v. District***

*of Columbia, 277 F.3d 544, 548 (D.C. Cir. 2002)*, and "general principles of contract law govern [their] resolution." *Foretich v. American Broadcasting Companies, Inc., 198 F.3d 270, 274 (D.C. Cir. 1999)*.

Moreover, this is a cause of action against the District of Columbia for violation of an 18th December 2006 Settlement Agreement and 10th January 2007 amended IEP to provide DH with FAPE pursuant to the *IDEA*

## III.    NOTICE

Per *SCR Civil 65 (a) 1* notice has been served on adverse parties to this litigation. A copy of this pleading has been served upon all adverse parties in a timely fashion (*see*, Notice of Hearing, Certificate of Service). Therefore, the Notice requirement pursuant to *SCR Civil 65 (a) 1* has been satisfied.

## IV.    SECURITY

As a general rule before a TRO can be issued, the applicant must post security with the Court. *43 C.J.S. § 2 Preliminary Injunction*, and *§ 8 Restraining Order*. *SCR CIVIL 65 (c)* grants this court discretion to determine a security sum if any. Pursuant to *SCR CIVIL 65 (c)* the court must determine "the payment of such costs and damages as may be incurred or suffered by any party who is found to have been wrongfully enjoined or restrained."

Here, *sub judice*, the District of Columbia cannot incur or suffer costs or damages insofar as they are in ongoing violation of an 18th December 2006 Settlement Agreement and 10th January 2007 amended IEP to provide D.H. with FAPE pursuant to contract and *IDEA*. If necessary, a nominal security of ten dollars should be set inasmuch as Defendants will incur or suffer no costs or damages.

2

## V.    FACTS

On 18th December 2006 the parties resolved an *IDEA* administrative Complaint at a Resolution Meeting and executed a Settlement Agreement. *See, Plaintiffs' Exhibit # 1*. Subsequently, on 10th January 2007 the parties amended the IEP for D.H. at a Multidisciplinary Team Meeting (MDT). *See, Plaintiffs' Exhibit # 2*.

Pursuant to the 18th December 2006 Settlement Agreement and 10th January 2007 amended IEP, Defendants agreed to provide Plaintiffs the following:

(a) one laptop computer, *See, Exhibit 1, at p. 3;*

(b) ten hours compensatory education in computer tutorial, *See, Exhibit # 1, at p. 3;*

(c) one digital voice recorder, *See, Exhibit # 2, at p. 6;*

(d) Kurzweil software program, *See, Exhibit # 2, at p. 5;*

(e) Inspiration (Graphic Organizer-Software) by Inspiration Software, Inc., *See, Exhibit # 2, at p. 5;*

(f) Co-Writer Solo by Don Johnston, Inc., *See, Exhibit # 2, at p. 5.*

Per the 18th December 2006 Resolution Meeting Notes, Defendants agreed to provide Plaintiff with the aforementioned assistive technology within 90 days from the Settlement Agreement. Plaintiffs have emailed, telephoned and made every effort to get Defendants to comply with the 18th December 2006 *IDEA* Settlement Agreement and 10th January 2007 amended IEP to provide D.H. with FAPE, and Defendants have refused to comply with the contract and the law.

Defendants' failure to comply with the 18th December 2006 *IDEA* Settlement Agreement and 10th January 2007 amended IEP has denied D.H. FAPE in violation of *34 C.F.R. § 300.350 (a) (1) & (2)*, and *Board of Education of the Hendrick Hudson Central School District v. Rowley, 458 U.S. 176, at p. 189 (1982)*.

3

Pursuant to the 18th December 2006 Settlement Agreement, the parties stipulated that the agreement was legally binding with enforcement in the District of Columbia Superior Court or the United States District Court for the District of Columbia. The parties agreed that jurisdiction for the agreement lies within the District of Columbia. *See, Plaintiffs' Exhibit # 1, at p. 6.*

## VI.    SPECIAL EDUCATION

### A.    The IDEA, the Rehabilitation Act and the ADA

The *Individuals With Disabilities Education Act (IDEA), 20 U.S.C. §§ 1400, et seq.,* guarantees that each student with a disability is ensured a Free Appropriate Public Education (FAPE), including special education and related services, at no cost to parents or guardians, to meet the unique needs of that student. The implementing regulations for *§ 504 of the Rehabilitation Act,,* concerning elementary and secondary education, are comparable in most respects to those promulgated under *IDEA.  34 C.F.R. Part 104.*.

The *IDEA's* principal means of ensuring that children with disabilities receive a Free Appropriate Education (FAPE) is through comprehensive and individualized evaluations via development of Individualized Education Program (IEP), in which the child's parents and current teachers, along with other professionals, set forth the required components of an educational program designed to meet the child's unique needs. *34 C.F.R. § 300.344* and *34 C.F.R. § 300.345.* Via the combined efforts of the participants at the IEP meeting, a written plan must be consummated that includes: (1) a statement of the child's present levels of educational performance; (2) a statement of annual goals, including short-term instructional objectives; (3) a statement of the

4

specific special education and related services[1] to be provided to the child and the extent to which the child will be able to participate in regular education programs; (4) the projected dates for initiation of services and the anticipated duration of services; (5) and appropriate objective criteria and evaluation procedures for determining whether the short-term instructional objectives are being achieved  *34 C.F.R § 300.346.*.

After performing a comprehensive evaluation of the student's current functioning and needs and developing an IEP designed to meet the child's individual needs, the school must propose an appropriate placement for the child, *i.e.*, one that can meet the child's individual needs as determined through evaluation and set forth in the "IEP." The school is further required to establish and maintain a continuum of alternative placements, including regular classes, special classes, special schools, home instruction, and instruction in hospitals and institutions.  *34 C.F.R. §§ 300.400 - 300.403.*.

Whenever the school proposes to change the educational placement of a student in special education, the school is required to provide detailed, written notice to the parents, including a full explanation of all procedural safeguards available to them, an explanation of why the school proposes to take the action, a description of any other options considered and the reasons for their rejection, a description of all bases for the school's proposal, and a description of any other factors relevant to the school's decision. *34 C.F.R. §§ 300.504, 34 C.F.R. § 300.505,* and *34 C.F.R. § 104.36.*. Included in the required written notice of available procedural safeguards must be notice of the right to a prior administrative Hearing if the parents disagree with the school's proposed action. *See 20 U.S.C. § 1415 et seq.*

---

[1] Related services under *IDEA* include such services as psychological counseling, speech and language therapy, occupational therapy and physical therapy. *34 C.F.R. § 300.16.*

In addition to the specific requirements of *IDEA* and *Rehabilitation Act* outlined above, the *Americans with Disabilities Act* (*ADA*) prohibits any public entity from employing methods of administration that have the effect of defeating or substantially impairing accomplishment of the objectives of that public entity's program with respect to individuals with disabilities, in this case, the provision of a free, appropriate public education. *28 C.F.R. § 35.130 (b) (3) (ii)*.

Defendants' failures to fully comply with the *IDEA* Settlement Agreement and amended IEP have denied D.H. special educational, related services, special education goals and a denial of FAPE in violation of *34 C.F.R. § 300.350 (a) (1) & (2)* and *Board of Education of the Hendrick Hudson Central District v. Rowley, 458 U.S. 176, at p. 189 (1982)*.

## VII.    INJUNCTIVE RELIEF

Motions for TRO or preliminary injunction are governed by *SCR-CIVIL 65*. There are four factors to consider in granting injunctive relief:

(1)   that there is a substantial likelihood one will prevail on the merits;

(2)   that one is in danger of suffering irreparable harm during the pendency of the action;

(3)   that more harm will result to him from the denial of the injunction than will result to the other party;

(4)   that the public interest will not be disserved by the issuance of the requested order. *Wieck v. Sterenbuch, 350 A.2d 384, 387 (D.C. 1976)*.

### A. Plaintiffs will prevail on the merits.

Defendants' failures to fully comply with the *IDEA* Settlement Agreement and amended IEP have denied D.H. special educational, related services, special education goals and a denial of FAPE in violation of *34 C.F.R. § 300.350 (a) (1) & (2)*

6

and *Board of Education of the Hendrick Hudson Central District v. Rowley, 458 U.S. 176, at p. 189 (1982)*. Wherefore, Plaintiffs will prevail on the merits.

Defendants have violated an 18th December 2006 Settlement Agreement and 10th January 2007 amended IEP to provide D.H. with a Free Appropriate Education (FAPE) pursuant to contract. In the District of Columbia, settlement agreements are treated as contracts. *Makins v. District of Columbia, 277 F.3d 544, 548 (D.C. Cir. 2002)*, and "general principles of contract law govern [their] resolution." *Foretich v. American Broadcasting Companies, Inc., 198 F.3d 270, 274 (D.C. Cir. 1999)*. Therefore, Defendants are in breach of contract. Hence, Plaintiffs will prevail on the merits.

### B. Plaintiffs will suffer irreparable harm.

This severely learning disabled student will suffer irreparable harm due to the denial of special education, special services and goal set out in his IEP. The illegal termination of this special needs student's appropriate services articulated in his IEP must be immediately enjoined. Thus, D.H. will suffer irreparable harm if injunctive relief is not granted. *See, e.g., Davenport v. international Brotherhood Teamsters, 334 U.S. App. D.C. 228, 232, 166 F.3d 356, 360 (1999)*. The clear and convincing proof that D.H. will suffer irreparable harm is found in the 18th December 2006 *IDEA* Settlement Agreement, and 10th January 2006 amended IEP to provide FAPE. These documents substantiate that D.H will suffer irreparable academic failures, psychological harm, failed IEP goals and irreparable injuries. *See, Vargas v. Chardon, 405 F. Supp. 1348, 1353 (D. Puetro Rico (1975)* which requires clear and convincing proof for injunctive relief.

This special needs student's irreparable academic failures, psychological

harm, failed IEP goals and irreparable injuries are incapable of being redressed after a final hearing on the merits. *See, Weick v. Sterenbuch, 350 A.2d 384, 388 (D.C. 1976)*.

### C. More harm will result to D.H. from denial of injunction than will result to the other party.

What do Defendants stand to loose by being enjoined from denying D.H. FAPE? Defendants loose nothing. What does D.H. stand to loose by being denied special education, related special services and FAPE? D.H. suffers irreparable academic failures, psychological harm, failed IEP goals and irreparable injuries. Hence, more harm will result to D.H. from denial of injunctive relief than will result to Defendants. *See, District of Columbia v. Group Ins. Administration, 633 A.2d 2, 23 (D.C. 1993)* and *Weick v. Sterenbuch, 350 A.2d 384, 387 (D.C. 1976)*.

### D. Public interest will not be disserved by issuance of requested order.

Suffice to say that it is the public interest to insure enforcement of *IDEA, 34 C.F.R § 300.350 (a) (1) & (2)*, and *Board of Education of the Hendrick Hudson Central District v. Rowley, 458 U.S. 176, at p. 189 (1982)*. Moreover, it is in the public interest for the District of Columbia Government to honor *IDEA* Settlement Agreements and comply with IEPs to provide learning disabled children with FAPE pursuant to law. Therefore, in the case at bar, injunctive relief would be in the public interest or at least not be adverse to the public interest. *See e.g., Washington Metropolitan Area Transit Commission v. Holiday Tours, Inc., 559 F.2d 841, 842-844 (D.C. Cir. 1977); Sea Containers Ltd. v. Stena AB, 890 F.2d 1205, 1208 (D.C. Cir. 1989)*.

8

**E.  The standard for injunctive relief per *Washington Metropolitan Area Transit Commission v. Holiday Tours, Inc.*, 559 F.2d 841, 842-844 (D.C. Cir. 1977).**

Under *Washington Metropolitan Area Transit Commission v. Holiday Tours, Inc.*, 559 F.2d 841, 842-844 (D.C. Cir. 1977), the factors must be viewed as a continuum- more of one factor compensating for less of another.  The necessary level or degree of likelihood of success will vary according to the court's assessment of the other factors; when the other three factors strongly favor interim relief, a court may grant injunctive relief when the movant has merely made out a "substantial" case on the merits. *See, Washington Metropolitan Area Transit Commission v. Holiday Tours, Inc.*, 559 F.2d at p. 843

In the case of a violation of a federal statute, however, "a court need not inquire into the traditional requirements for equitable relief." *Community Nutrition Institute v. Butz, 420 F. Supp. 751, 753-754 (D.D.C. 1976)*.  This doctrine was established over fifty years ago by the Supreme Court:

> [W]e are satisfied that this new case does not call for a balancing of equities or for the invocation of the generalities of judicial maxims in order to determine whether an injunction should have issued.  The equitable doctrines relied on do not militate against the capacity of a court of equity as a proper forum in which to make a declared policy of Congress effective. **United States v. San Francisco, 310 U.S. 16, 30-31 (1940)**.[2]

Thus, this Court must grant the relief sought by plaintiffs at this point without any further showing.  However, if the Court is inclined to consider the traditional requirements for injunctive relief, it will find that they have been satisfied as well.

---

[2] *See also*, Tennessee Valley Authority v. Hill, 437 U.S. 153, 193-194 (1978);  Securities Industry Ass'n v. Board of Governors, 628 F. Supp. 1438, 1443 (D.D.C. 1986);  National Wildlife Federation v. Andrus, 490 F. Supp. 1245, 1256 (D.D.C. 1977).

## VIII.    CONCLUSION

For the foregoing reasons this motion for injunctive relief must be granted.

Respectfully submitted,

Roy Carleton Howell, No. 415142
8003 Parkside Lane, N.W.
Washington, D.C. 20012
Phone  (202) 545-0750
Phone  (202) 545-0755

Attorney for Plaintiffs

### CERTIFICATE OF SERVICE

I hereby certify that a copy of this Memorandum of Points and Authorities in Support of Temporary Restraining Order and proposed order, were served upon:

Adrian Fenty, Mayor
Wilson Building
1350 Pennsylvania Avenue, NW
Washington, D.C. 2004

Clifford Janey, Superintendent
825 North Capital Street, N.E.
Washington, D.C. 20002

Linda Singer, Attorney General
441 Fourth Street, N.W.
Suite 600 South
Washington, D.C. 20001.

The date and time of service of each of the above is set out in three separate affidavits of the process server.

Respectfully,

Roy Carleton Howell

10

# *Plaintiffs'*

# *Exhibit*

# *Number One*

DISTRICT OF COLUMBIA PUBLIC SCHOOLS
WASHINGTON, D.C.

MULTIDISCIPLINARY TEAM
(MDT)
MEETING NOTES

MDT REFERRAL DATE: _____

STUDENT: *Devin Howell*

SCHOOL: *Kingsbury*

MEETING DATE: 4/10/07

MDT

| PARTICIPANTS: (Print Name) | PARTICIPANTS: (Sign Name) | POSITION |
|---|---|---|
| *Tiece Ruffin, Ph.D.* | *Tiece Ruffin* | *NCPS Placement Spec.* |
| *Jessica Lux* | | *KDS–U.S. Direct.* |
| *Darlene Howell* | | *Mother* |
| *Roy Carleton Howell* | *Roy Carleton Howell* | FATHER |
| *Dennis A. Sivits, PsyD* | | *Psychologist* |
| *Kim Hughes* | *Kim Hughes* | *SLP* |
| *Kathleen Kyne* | *Kathleen Kyne OTR* | *Occupational Therapist* |
| *Britt Jackson* | *Britt Jackson* | *Special Education Teacher* |

✓ Introductions

✓ Purpose of mtg.
- Review eval (assistive technology)
- amend IEP as appropriate
- discuss placement + issue
  Prior notice

THE PARENT ☑ IS PRESENT ☐ IS NOT PRESENT AT THE MEETING

AFTER A REVIEW OF THE ASSESSMENTS, IT IS DETERMINED THAT_____

☐ CONTINUES TO BE ELIGIBLE FOR SPECIAL EDUCATION

☐ IS TO BE EXITED FROM SPECIAL EDUCATION

DISTRICT OF COLUMBIA PUBLIC SCHOOL
WASHINGTON, DC

MDT REFERRAL DATE:_____          MULTIDISCLIPARY TEAM (MDT)          Page 2 of 4
                                        CONTINUATION MEETING NOTES
                                        MEETING TYPE:_____

STUDENT:_____          SCHOOL:_____          DATE:_____

In March q 2006 the MDS requested an assistive technology evaluation. DCPS completed the evaluation on 11/14/06. The team has convened to review the evaluation and amend the IEP as necessary.

Review q evaluation
The MDS reviewed the assistive technology evaluation. Through discussion the team agreed that the previously ordered read aloud software (WynWizard) will be switched to Kurzweil. DCPS will provide the software to the parent & student. By report q the OT Devin has used word-prediction software, Kurzweil, inspiration and Co-Writer Solo software to aid in his learning already at Kingsbury.

Discussion q use q digital voice recorder
Mr. Jackson taught him for 7 years and is currently his advisor. Mr. Jackson reports that Devin would not benefit from the digital voice recorder due to various

DISTRICT OF COLUMBIA PUBLIC SCHOOL
WASHINGTON, DC

MDT REFERRAL DATE:_____

**MULTIDISCLIPARY TEAM (MDT)**
**CONTINUATION MEETING NOTES**
MEETING TYPE:_____

Page 3 of 4

STUDENT:_____   SCHOOL:_____   DATE:_____

reasons. Reasons such as:
- is Devin motivated to independently re-listen to the recording because he is motivated to complete assignments quickly (and not re-listen to material)
- Mr. Jackson has not observed Devin experiencing fatigue during note-taking

Related Services & Parent input
- Ms. Pires, OT, suggests that the digital voice recorder would be beneficial to his learning as practice to assist with his post-secondary goal of college
- The OT & SLP indicate that he is an auditory learner and he would benefit from the digital voice recorder
- The parent/attorney indicates that Devin uses auditory recordings in his learning

The MDS agreed that Devin would benefit from the use of a digital voice recorder. DCPS agrees to buy the digital voice recorder

DISTRICT OF COLUMBIA PUBLIC SCHOOL
WASHINGTON, DC

MDT REFERRAL DATE:_____

MULTIDISCLIPARY TEAM (MDT)
CONTINUATION MEETING NOTES
MEETING TYPE:_____

Page 4 of 4

STUDENT:_____    SCHOOL:_____    DATE:_____

and provide it to Devin in a timely manner.
Devin entered the meeting and told the
MDS that he would use the digital
voice recorder and he definitely would
benefit from using it for his learning

Review/Revise IEP
The team reviewed the a1 goal from his
current IEP (3/10/06) titled "functional
perceptual-motor skills" and determined
it is appropriate in regard to use of
assistive technology software (literacy,
word prediction, and graphic organizer)

The MDS developed a new goal as well
to address his assistive technology needs.
The MDS agreed to the new goal developed.

The MDS determined that Kingsbury is an
appropriate placement. DCPS issued the
Prior notice to Kingsbury.

DISTRICT OF COLUMBIA PUBLIC SCHOOLS
WASHINGTON, DC

KDS Notes
Amended IEP
Page 1 of 2

MDT REFERRAL DATE: _____

MULTIDISCIPLINARY TEAM (MDT)
CONTINUATION MEETING NOTES
MEETING TYPE: IEP

STUDENT: Devin Howell    SCHOOL: KDS

DATE: 1/10/07

Team will review the Assist. Tech Evaluation completed by DCPS on 11/14/06. DCPS resolution session concluded with DCPS buying laptop & software as compensatory educ.

Devin benefitted from using Co-Writer Solo. He benefits from using word prediction software where he can appropriately select the correct word.

T reports using Kurzweil, Co-Writer + Inspiration as well as keyboarding skills. Kurzweil is helpful for Devin & gives him access to the internet, & has features to help him do research/ take notes within the Kurzweil program. Devin needed assistance scanning the document into the computer - especially when he had to reduce the size of the document.

- evaluation from the resolution recommended Win Wizard software - the team believes that Devin should get Kurzweil as he is familiar with that program. DCPS will change the software order to Kurzweil - this may delay the arrival of the software only. The parents/atty are okay with making this change.

- evaluation recommended a digital voice recorder - team review of this.

her: He is not sure whether Devin is motivated to re-listen to an assignment/lecture. He wants to complete the assignment as quickly as possible

because Devin has visual-perceptual difficulties. He can even have difficulty with cursor on a website. Motivation is a major difficulty for him. If he is open to trying things we might explore that. He is a stronger auditory learner - Devin listens to audio tape at museums.

DISTRICT OF COLUMBIA PUBLIC SCHOOLS
WASHINGTON, DC

Amended IEP

MDT REFERRAL DATE: _____

MULTIDISCIPLINARY TEAM (MDT)
CONTINUATION MEETING NOTES
MEETING TYPE: ___IEP___

Page: _2_ of _2_

STUDENT: Devin Howell          SCHOOL: KDS          DATE: 1/10/07

The team recommends purchasing a digital voice recorder & thinks it will be a benefit for Devin. DCPS will provide a digital voice recorder for Devin.

The team developed Assistive Technology for Devin during the mtg which will be added to his IEP from '06.

The 10 hours of comp ed for tutoring will be implemented afterschool hours by Kingsbury.

MDT— Devin will Continue

| Student Name | Devin Howell | | Managing School | Kingsbury Day School | DCPS - IEP |
|---|---|---|---|---|---|
| Student ID Number | | DOB 1/6/89 | Attending School | | Page 3 of 4 |

| VIII. SPECIALIZED SERVICES | Additional Comments: ☐ | | Goal Number: 1 |
|---|---|---|---|

Area addressed by goal: __Assistive Technology__

**ANNUAL GOAL:** (including mastery criteria.)

Devin will demonstrate proficiency with ~~an~~ various assistive technology devices & programs (laptop, digital voice recorder, Kurzweil, Co-writer, Inspiration) with increasing independence as demonstrated by completing the following objectives:

Provider(s): __Special Educ. Team  (Spec. Ed Teachers, OT, SLP & Tutor)__

Consider audience, behavior, condition, degree and evaluation.

| SHORT-TERM OBJECTIVES (include mastery criteria or benchmarks) | Date Mastered | Evaluation Schedule |
|---|---|---|
| Devin will identify which assistive technology device and/or program is appropriate for the assigned activity with 80% accuracy. | Quarterly | |
| Devin will demonstrate proficiency initiating use in the correct sequence 80% of the time. | Quarterly | |
| Devin will refer to previously recorded work with minimal reminders 80% of the time. | Quarterly | |
| Devin will independently seek assistance when he is confused with the programs/devices 80% of the time. | Quarterly | |
| Devin will use the assistive technology devices/programs 80% of the time when the assignment appropriate to it | Quarterly | |
| | | |

**EVALUATION PROCEDURE(S)**

☐ Portfolio  ☐ Log  ☐ Chart  ☐ Test  ☑ Documented Observation  ☑ Report  ☐ Other _____

District of Columbia Public Schools    07-02-2001    Division of Special Education    Appendix - A    IEP Page 3 of 4

## DISTRICT OF COLUMBIA PUBLIC SCHOOLS
### WASHINGTON, D.C.
### INDIVIDUALIZED EDUCATIONAL PROGRAM

DCPS - IEP  Page 1 of 4

Additional Comments: ☐

Amended 1/10/07

### I. IDENTIFICATION INFORMATION

### II. CURRENT INFORMATION

Student Name: Last **Howell**    First **Devin**    MI ____

Student ID **9073301**    Soc. Sec. No. ____    Age: **17**    Grade **11**

Gender ☒ M  ☐ F    Date of Birth **1/6/89**    Ethnic Group **African American**

Address  **8003 Parkside Lane NW**
House No.    Street Name

☐ Non-attending    **Washington D C**    Quadrant ____    Apartment # ____    **20011**
City    State    Zip Code

Attending School **Kingsbury Day School**    Home School ____

☐ Elem.  ☐ Mid/JHS  ☒ SHS  ☐ CWS ☐

Parent  **Roy and Darlene Howell**

Address of (if different from student): ☒ Parent ☐ Guardian ☐ Surrogate

House No. ____ Street Name ____    Quad ____ Apt. No ____ City ____    State ____ Zip Code: ____
Telephone: Home **202-5450-0750**    Work ____

Date of IEP Meeting: **3/10/06**
Date of Last IEP Meeting: **6/6/05**
Date of Most Recent Eligibility Decision: **5/2000**

Purpose of IEP Conference:
☐ Initial IEP    ☒ Review of IEP
☒ Requested Eval.    ☒ 3yr ReEval.

Indicate Level of Standardized Assessment: **III**

ADDENDA TO BE ATTACHED AS NEEDED
Check the appropriate box(es)

| | |
|---|---|
| BEHAVIOR | ☒ TRANSPORTATION |
| ☒ ESY | ☒ TRANSITION |

### III. LANGUAGE

| | Language | Language Used for Evaluation | Language Used in Conference | Communication Requirements | To be completed by Office of Bilingual Education English and Math Proficiency Assessment |
|---|---|---|---|---|---|
| Student | English | | | | Oral ____ |
| Parent | English | | | | Rdg./Written ____ |
| Home | English | | | | Instrument: ____ |
| | | | | | Date: ____ |

### IV. SPECIAL EDUCATION AND RELATED SERVICES SUMMARY

| SERVICES | SETTING GenEd | SpEd | Total | FREQUENCY Hr / Min | D/W/M. | PROVIDER (by discipline) | BEGINNING DATE mm/dd/yyyy | DURATION # | wks./mos |
|---|---|---|---|---|---|---|---|---|---|
| Speech Therapy | | X | 135 | min | wkly | Speech Pathologist | 9/5/06 | 10 | mos |
| Occupational Therapy | | X | 30 | min Consults 2x month | | Occupational Therapist | 9/5/06 | 10 | mos |
| Psychotherapy - Indiv. | | X | 45 | min | wkly | Psychologist | 9/5/06 | 10 | mos |
| Psychotherapy - Group | | X | 45 | min | wkly | Psychologist | 9/5/06 | 10 | mos |
| Specialized Instruction | | X | | hrs | wkly | Special Ed Team | 9/5/06 | 10 | mos |
| TOTAL | | | 32 | Hours Per Week | | | 9/5/06 | 10 | mos |

### V. Disability(ies)

**LD ~ OHI**

☒ (Check if setting is general Ed.)

Percent of time in Specialized Instruction and Related Services
☐ 0-20%    ☐ 21-60%    ☒ 61-100%

Percent of time NOT in a Regular Education Setting

### VI. IEP TEAM (Participants in the development of the IEP)

Print and sign your name below.

Jessica Lux, _____ Upper School Director
Dale Frenzel _____ Guid Coord
Howell, Roy Carleton _____
Darlene Howell _____ Darlene Howell
_____ Psychologist

Britt Jackson _____ Spec Ed Teacher
Joan Deason _____ Deason - tutor
Marissa Moss _____ SLP

I AGREE with the contents of this IEP. I have had an opportunity to be involved in the development of this IEP. I have received a copy of this IEP and consent to the implementation of the services in this IEP. I have received a copy of the procedural safeguards and parent rights pertaining to special education.
Parent/Guardian Signature _____    Date **10th MARCH 2006**

I AGREE: _____ 10th Jan. 2007
Darlene E Howell 1/10/07

District of Columbia Public Schools  01-02-2007    Division of Special Education    Appendix - A    IEP Page 1 of 4

# *Plaintiffs' Exhibit Number Two*

**State Education Agency for the District of Columbia**
**State Enforcement and Investigation Division (SEID) Special Education**
**Programs**



# Due Process Complaint Disposition

- This form should be used by the parties to notify the Student Hearing Office about important information concerning the outcome of the resolution meeting.
- Please return to the Student Hearing Office of the District of Columbia Public Schools, 825 North Capitol Street, NE, 8th Floor, Washington, DC 20002, Fax number 202/442-5556.

## A.  STUDENT AND CASE INFORMATION:

Student Name: Devin B. Howell    Birth Date: 1-6-89
First    MI    Last

SHO Case Number: _____    (if applicable)

## B.  PARENT / GUARDIAN:

Name: Roy    Howell
First    Last

Complete Address: 8003 Parkside Lane, NW
Washington, DC 20012

Phone:

Home    Work or alternative phone no.    Fax No. if applicable

## C.  LOCAL EDUCATION AGENCY REPRESENTATIVE:

Full Name: Kymberly    Grafton    Title: LEA, CRS

Address: 825 North Capitol Street, NE 6th Floor
Washington, DC 20002

Phone: (202) 442-4800    (202) 442-5517
Office    Fax

SEID DRN Rev'd. 6/14/05    1

__X____  The complaint has been resolved and the parties have reached agreement to the satisfaction of the parent / guardian. The due process complaint notice and the request for a due process hearing should be dismissed and withdrawn. The parties are aware that the agreement may be voided by any party within 3 business days of the date the agreement is signed. The parties have agreed to wait at least 3 business days before filing this form with the Student Hearing Office.

_____  The resolution session was unsuccessful. The case should proceed to a due process hearing.

_____  The resolution session was unsuccessful. The parties have agreed to try mediation.

_____  The parties mutually agree to waive the resolution session and request mediation and the assignment of a mediator to this case.

_____  The parties mutually agree to waive the resolution session and request that this case proceed to a due process hearing on the merits.

_____  The parent has failed to participate in a resolution meeting as required under the law. A due process hearing should not be scheduled until further notice

**J.**    **Signature and Affirmation:**

I affirm that the information provided on this form is true and correct. I also affirm my receipt of the Procedural Safeguards Manual or I have waived my right to receive the Procedural Safeguards Manual.

18th December 2006

Signature of Parent/Guardian                              Date

12-18-06

Local Educational Agency Representative            Date

Mail, fax or deliver this form to:
State Enforcement and Investigation Division
For Special Education Programs (SEID)
Student Hearing Office (SHO)
825 North Capitol Street, NE, 8th Floor
Washington, DC 20002
Fax number: 202/442-5556

SEID DRN Rev'd. 6/14/05

DISTRICT OF COLUMBIA PUBLIC SCHOOLS
WASHINGTON, D.C.

__ PUBLIC          ___DCPS CHARTER          __ LEA CHARTER          _x_ NONPUBLIC          ___ PRIVATE/RELIGIOUS

## RESOLUTION MEETING NOTES

Meeting Confirmation Date: [          ]          Meeting Held: [ 12-18-06 ]

Student: [ Devin  B.  Howell ]          DOB: [ 1-6-89 ]          [ Kingsbury Day ]

| PARTICIPANTS: (Print Name) | PARTICIPANTS (Sign Name) | POSITION |
|---|---|---|
| Kymberly Grafton | | LEA/CRS |
| Tiece Ruffin, Ph.D. | | Placement Specialist |
| Roy C. Howell | | Attorney/Father |
| Patricia Waller | (via phone) | Comp. Ed. Specialist |
| | | |
| | | |
| | | |
| | | |
| | | |

[ X ] **Resolved**          [   ] **Unresolved**

Introductions were made at the meeting. The parent's complaint is DCPS failed to provide the student with assistive technology to receive FAPE and compensatory education for 8 months of missed services for the student.

DCPS agrees to provide compensatory education in the form of assistive technology (laptop) along with recommended software by Hospital for Sick Children for the student and a total of 10 hours of tutoring. DCPS indicated it would take at least 90 days to get the assistive technology with recommended software for the student. DCPS issued a compensatory education plan for parent's signature at today's session. DCPS also agrees to convene an MDT meeting in which the student's assistive technology evaluation is reviewed and revise the student's IEP within 20 school days. The student is not obligated to return the laptop and software.

The parent is willing to accept DCPS' offer and will withdraw the hearing quest. This case is resolved.



**DISTRICT OF COLUMBIA
PUBLIC SCHOOLS**

_www.k12.dc.us_

Date: 12/18/06

**Parent's Name:**
Mr. Roy C. Howell

**Parent's Address:**
8003 Parkside Lane,NW
Washington, DC  20012

**Subject: Resolution Session for
Devin B. Howell**

**DOB:**
1-6-89

**Attending School: Kingsbury Day**

## SETTLEMENT AGREEMENT

A resolution meeting was held on the above referenced date and an agreement between the parties to this action, District of Columbia Public Schools (hereinafter DCPS) and parent was reached.  The parties agree to resolve this matter pursuant to the following terms and conditions (check the box / boxes that apply and initial on corresponding line):

☐ **Eligibility Determination**

____DCPS agrees to issue a prior notice regarding eligibility/ineligibility.
____If the student is found eligible, DCPS will develop an IEP and determine placement.
____DCPS agrees to issue a prior notice of placement within 5 school days, if the placement is public and 30 calendar if the placement is non-public.

☐ **Conduct Evaluations & Hold MDT Meeting**

DCPS agrees to conduct the following assessment(s)/evaluation(s): Or the parent can obtain independent evaluations

   ☐ psycho-educational evaluation
      Clinical evaluation
   ☐ speech/language evaluation
      occupational therapy evaluation
   ☐ physical therapy evaluation
      psychological

Re:    Devin C. Howell
DCPS

- ☐  hearing screening
- ☐  vision screening
-     audiological assessment
- ☐  classroom observation
-     functional behavior assessment
- ☐  Vineland Adaptive Scales assessment
- ☐  vocational assessment  (I, II, III)  *(circle one)* *Vocational Inventory Assessment*
- ☐  social history evaluation
- ☐  assistive technology assessment
- ☐  psychiatric assessment
- ☐  neurological evaluation
- ☐  neuropsychological evaluation

If DCPS fails to complete the evaluation/evaluations within the above stated time frame, the parent can secure the above agreed evaluation(s) at the expense of DCPS, consistent with DCPS cost guidelines, not to exceed those specified in the *Superintendents Directive Number 530.6, dated March 20, 2002.*

X Within 20 calendar days of completion or receiving the last independent evaluation, (assistive DCPS will convene an MDT/IEP meeting to review the evaluation(s), amend the technology IEP, as appropriate, discuss placement and issue a prior notice, if necessary.

## Fund Independent Evaluations

____DCPS agrees to fund the following independent evaluation(s):

-     educational evaluation
-     clinical evaluation
-     speech/language evaluation
-     occupational therapy evaluation
- ☐  physical therapy evaluation
-     psychological
- ☐  hearing screening
- ☐  vision screening
-     audiological assessment
- ☐  classroom observation
-     functional behavior assessment
- ☐  Vineland Adaptive Scales assessment
-     vocational assessment  (I, II, III)  *(circle one)*
-     social history evaluation
- ☐  assistive technology assessment
-     psychiatric assessment
-     neurological evaluation
-     neuropsychological evaluation

The parent agrees that DCPS' cost liability shall not exceed those specified in the *Superintendents Directive Number 530.6, dated March 20, 2002.*

____Within 3 school days DCPS will issue a prior notice, upon receipt of the acceptance letter from if the student is accepted.

Re:    Devin C. Howell

DCPS

_____ If the MDT/IEP team proposes a new placement, DCPS agrees to issue a *prior notice of placement* within 5 school days if the placement is public and within 20 school days if the placement is non-public.

☒   ## Compensatory Education

_____ DCPS agrees to develop a compensatory education plan by <u>within 45 days of placement at  (during the MDT to review placement).</u>

_x__ DCPS agrees to implement the attached compensatory education plan.
_____ Other: _____

☐   ## Tutoring

_____ DCPS agrees to provide _____ hours of one on one tutoring to compensate for missed specialized instruction.
_____ Other: _____

## MDT Meeting to Discuss Placement

_ DCPS agrees to issue a *prior notice of placement* within 5 school days if the placement if public and within 30 calendar days if the placement is non-public.

☐   ## Referral for Residential Placement

_____ DCPS agrees to send a minimum of three referrals to residential placements within 15 school days of execution of this agreement.

Parent agrees to cooperate fully with DCPS in the implementation of the terms of this settlement agreement.  Any delay caused by the student, parent, or their representative as it pertains to testing, meeting dates, or compliance with the terms of this agreement will toll any deadlines herein by one day for each day of delay.

This agreement is in full satisfaction and settlement of all the claims contained in the pending hearing Complaint, including all claims that the parent now asserts or could have asserted as of the date of this agreement.

Both parties agree that they have 3 days to withdraw the settlement agreement.  If either party decides to withdraw the settlement agreement said withdrawal must be in writing and provided the other party.

Jurisdiction for this agreement lies within the District of Columbia.  This agreement is a legally binding agreement that is enforceable in the U.S. District Court for the District of Columbia or the D.C. Superior Court.

Re:    Devin C. Howell

*DCPS*

Agreed to: _Kymberly Brafton_    _12-18-06_
Principal or designee                     Date

Agreed to: _[signature]_    _18th December 2006_
Parent                                           Date

## COMPENSATORY EDUCATIONAL PLAN

Comp-ED Services
Page 1 of 2

**Section I:**

Student Name _Devin Howell_        DOB _1/6/89_  Sex _Male_  Grade _12_

Age _17_  Date of IEP _____  Date of Proposal _12/18/06_  Home School _Coolidge Sr. High_

Attending School: _Kingsbury_        Disability _LD-OHI_

Language _English_        Address: _8003 Parkside Lane NW Wash. DC 20012_

Parent Name: _Mr. + Mrs. Howell_        Phone (H): _2/545-0750_   (W): _2/545-0755_

Instructional/Related Services Missed:
_due to untimely evaluation + lack of services due to untimely eval._

Time Period in which service Delay/Disruption occurred: _ESY 2006 & Fall 2006_

Description of Compensatory Education due to _____ HOD**  _____ SA**  _____ MA**  _X_ Other _Resolution Session 12/18/06_

_see complaint & HSC_   (Describe the requirements for DCPS' Comp. ED services based on the HOD/SA/MA document checked above.)

_Assistive Technology_   _due to dispute resolution_

_Team Evaluation_

---

**Section II:** Compensatory Education Services to be provided:

| Skill Areas | Provider | Beginning Date | Duration/Total Hours |
|---|---|---|---|
| _assistive technology_ | _- laptop_ | | |
| | _- read aloud software_ | | |
| | _- word prediction software_ | | |
| | _- graphic organizer software_ | | |

Special Education Goals and Objectives for Compensatory Education Services

Goals and objectives from the current IEP which are to be implemented for Compensatory Education.

| Annual Goals (s) and Objective (s) | Skills Area (s) |
|---|---|
| Annual Goal: _See supporting documentation (HSC assistive tech eval.)_ | |
| Objective: | |
| Annual Goal: | |
| Objective: | |
| Annual Goal: | |
| Objective: | |
| Annual Goal: | |
| Objective | |

Parent Signature: _[signature]_

Principal Signature: _____

MDT Members: _Tiece Ruffin, Ph.D._        Position: _DCPS Placement Specialist_

_Ms. Patricia Walter (via phone) → Compensatory Education Specialist_

_Ms. Kymberly Grafton → Specialist_

_Mr. Howell, Attorney & Parent → Resolution Specialist_

Page 1        Compensatory Education  Revised October 2004

Comp-ED Services
Page 2 of 2

**Section III: Signatures for Services Rendered:**

| Provider | Service | Total Hours Received | Date |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

Principal Signature:_____ Date:_____

**Section IV:** If the services on the plan are not completed by the end of the school year, or if the student transfers before the services are concluded, the IEP/MDT completes the bottom portion of this proposal, attaches the proposal, lesson objectives, and progress report to the new or current IEP and files the IEP in the student's special education folder. For the transferring student, the special education records, inclusive of the IEP and compensatory education documents are forwarded to the receiving school. Copies of documents must be forwarded to the designated office.

| Services | Frequency | | Setting | Total Hours of Comp. ED services to be provided. |
|---|---|---|---|---|
|  | Hr/Min | Wk/Mo. |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |

\* Complete a MDT/IEP Meeting Note Page and attach meeting page and Compensatory Education Plan to IEP. Copy of the plan must be forwarded to the designated office in the Office of Special Education within five (5) school days. \*\*HOD/SA/MA must be attached.

Note: DCPS will discuss the digital voice
recorder at the January meeting.
Additionally, DCPS will review the assistive
tech evaluation and review/revise the
IEP at that time as well. DCPS
proposed Jan 9, 10, 11, and 16 as dates
for the MDT/IEP. Confirmation will
occur after collaboration with
Kingsbury staff -- this will occur
in a timely manner.

DCPS
Placement
Spec.

# Superior Court of the District of Columbia

## CIVIL DIVISION

RECEIVED
Civil Clerk's Office

JUN 0 4 2007

Superior Court of the
District of Columbia
Washington, D.C.

Darlene E. Howell, et al,

*Plaintiff*

vs.

District of Columbia Defendant
et al.,

0003793-07

## MOTION - (Pro-Se)

MOTION OF: **PLAINTIFFS** for **PRELIMINARY INJUNCTIO**

(State briefly what you want the Court to do) **PLAINTIFFS Motion to Compel DEFENDANTS TO IMMEDIATELY COMPLY WITH 18th DECEMBER 2006 IDEA SETTLEMENT AGREEMENT AND 10th JANUARY 2007 IEP**

| Printed name: ROY CARLETON HOWELL | Signature: 415142 |
|---|---|
| Address: 8003 PARKSIDE Lane, NW WASHINGTON, DC 20012 | Home phone no. (202) 545-0750 |
| | Business phone no. |

## CERTIFICATE OF SERVICE

On **4th JUNE 2007**, 20 **07**, I mailed this motion to all the lawyers in the case, the plaintiff(s) and the defendant(s) who do not have lawyers, as listed below:

| Name: Linda Singer, Attorney General | Name: Clifford Janey, Superintenden |
|---|---|
| Address: 441 Fourth Street, NW #600 WASHINGTON, DC 20001 | Address: 825 North Capitol St, NE WASHINGTON, DC 20002 |
| Adrian Fenty, Mayor 1350 Pennsylvania Ave, NW WASHINGTON, DC 20004 | Signature |

## POINTS AND AUTHORITIES

(Write the reasons why the Court should grant your motion and include Court rules, laws and cases, if any, that support your reasons.)

SEE PETITIONERS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF T.R.O.

# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION
### Washington, D.C. 20001

DARLENE E. Howell, et. al.,
_____
Plaintiff

vs.

Civil Action No. 0003793-07

DISTRICT OF COLUMBIA
_____
Defendant

## ORDER

Upon consideration of the motion PRELIMINARY Injunction

filed by PLAINTIFF's _____

and after hearing argument on behalf of all parties concerned, it is, by the Court, this _____

day of _____, 20 _____,

ORDERED:

(1) That the motion be, and it is hereby, ☐ GRANTED ☐ DENIED

(2) That DEFENDANTS WILL IMMEDIATELY COMPLY WITH THE 18th DECEMBER 2006 SETTLEMENT AGREEMENT, AND 10th JANUARY 2007 IEP. DEFENDANTS WILL REPORT TO THE COURT, IN A SATISFACTORY NOTIFICATION TO THE COURT, THAT THIS ORDER HAS BEEN EXECUTED IN COMPLIANCE WITH LAW AND UNTIL SUCH TIME AS THIS COURT DETERMINES THE RIGHTS OF PLAINTIFFS ARE NO LONGER BEING VIOLATED.

Copies to: ROY HOWELL, esq.
8003 Parkside Ln, NW
WASHINGTON, D.C. 20012

LINDA SINGER, esq
ATTORNEY GENERAL
DISTRICT OF COLUMBIA
441 FOURTH St, NW #600
WASHINGTON, DC 20004

_____
JUDGE

Form CV-545/Apr.03

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
### CIVIL DIVISION

DARLENE E. HOWELL,
Parent and Next Friend of D. H.
8003 Parkside Lane, N.W.
Washington, D.C. 20012

       Plaintiffs

      v.

DISTRICT OF COLUMBIA,
Serve: Adrian Fenty, Mayor
Wilson Building
1350 Pennsylvania Avenue, NW
Washington, D.C. 20004

     and

DISTRICT OF COLUMBIA PUBLIC SCHOOLS
Serve: Clifford Janey, Superintendent
825 North Capitol Street, NE
Washington, D.C. 20002

     and

DISTRICT OF COLUMBIA,
Serve: Linda Singer, Attorney General
441 Fourth Street, NW
Suite 600 South
Washington, D.C. 20001

      Defendants.

RECEIVED
Civil Clerk's Office
JUN 0 4 2007
Superior Court of the
District of Columbia
Washington, D.C.

0003793-07

Civil Action No. _____

JUDGE: _____

## COMPLAINT
### (for injunctive and declaratory relief)

**COME NOW** plaintiff Darlene E. Howell as parent and next friend of D.H. by

Attorney Roy Carleton Howell and alleges the following:

**BACKGROUND**

1.   This is a Complaint against the District of Columbia Government for violation of a 18th December 2006 Settlement Agreement and 10th January 2007 amended Individual Education Program (IEP) to provide D.H. with a Free Appropriate Public Education (FAPE) pursuant to contract.

2.   This is a Complaint against the District of Columbia Government for violation of a 18th December 2006 Settlement Agreement and 10th January 2007 amended Individual Education Program (IEP) to provide D.H. with a Free Appropriate Public Education (FAPE) pursuant to the *Individuals With Disabilities Education Improvement Act 2004, 20 USC §§ 1400 et seq. (IDEA)*.

**JURISDICTION**

3.   This court has jurisdiction pursuant to *D.C. Code (2001 Edition) § 11-921* and the inherent Common Law and Equitable powers of this court.  In the District of Columbia, settlement agreements are treated as contracts.  *Makins v. District of Columbia, 277 F.3d 544, 548 (D.C. Cir. 2002)*, and "general principles of contract law govern [their] resolution." *Foretich v. American Broadcasting Companies, Inc., 198 F.3d 270, 274 (D.C. Cir. 1999)*.

4.   This court has jurisdiction pursuant to the *IDEA, 20 USC 1400 et seq.*, and the *Individuals With Disabilities Education Improvement Act 2004, 20 USC 1400 et seq.*

5.   Pursuant to the 18th December 2006 Settlement Agreement, the parties stipulated that the agreement was legally binding with enforcement in the District of Columbia Superior Court or the U.S. District Court for the District of Columbia.  The

2

parties agreed that jurisdiction for the agreement lies within the District of Columbia. *See, Plaintiffs' Memo. For TRO, Exhibit # 1, at p. 6.*

6.    This court has jurisdiction pursuant to the ***Rehabilitation Act of 1973 (Section 504), 29 USC 794.***

7.    This court has jurisdiction pursuant to ***42 USC 1983 – Civil action for deprivation of rights.***

8.    This court has jurisdiction pursuant to ***Americans with Disabilities Act, 42 USC 12101 et seq.***

**PARTIES**

9.    Darlene E. Howell is a resident of the District of Columbia and the mother of special education student  D.H.  Darlene E. Howell brings this suit on behalf of her learning disabled son D.H. who attends Kingsbury Day School.

10.    The District of Columbia is a municipal corporation that receives federal financial assistance and is required to comply with State statutes, Common Law and Equity, and the applicable regulations and statutes of the ***IDEA, ADA, Rehabilitation Act § 504,*** and the ***IDEIA.***

11.    Adrian Fenty is the Mayor of the District of Columbia and as such is responsible for ensuring that all federal and District laws and regulations are followed, and that all disabled children in the District of Columbia receive a free and appropriate public education ***(FAPE)*** with their rights to equal protection and due process of law.

12.    Dr. Clifford B. Janey is the Superintendent of the District of Columbia Public Schools (DCPS), and as such is responsible for ensuring that all disabled children in the District of Columbia receive ***FAPE*** with their rights to equal protection and the due

process of law.

13.   Linda Singer is the Attorney General for the District of Columbia, and was duly served with this cause of action.

## FACTUAL ALLEGATIONS

14.   On 18th December 2006 the parties resolved an *IDEA* administrative Complaint at a Resolution Meeting and executed a Settlement Agreement. *See Plaintiffs' Memo. For TRO, Exhibit # 1.*

15.   On 10th January 2007 the parties amended the IEP for D.H. at a Multidisciplinary Team (MDT) meeting. *See, Plaintiffs' Memo. For TRO, Exhibit # 2.*

16.   Pursuant to the 18th December 2006 Settlement Agreement and the 10th January 2007 amended IEP, Defendants agreed to provide Plaintiffs the following:

(a) one laptop computer, *See, Plaintiffs' Memo. For TRO, Exhibit # 1, at p. 3;*

(b) ten hours of compensatory education in computer tutoring, *See, Plaintiffs' Memo. For TRO, Exhibit # 1, at p. 3;*

(c) one digital voice recorder, *See, Plaintiffs' Memo. For TRO, Exhibit # 2, at p. 6;*

(d) Kurzweil software program, *See, Plaintiffs' Memo. For TRO, Exhibit # 2, at p. 5;*

(e) Inspiration (Graphic Organizer-Software) by Inspiration Software, Inc., *See, Plaintiffs' Memo. For TRO, Exhibit # 2, at p. 5;*

(f) Co-Writer Solo by Don Johnston, Inc., *See, Plaintiffs' Memo. For TRO, Exhibit # 2, at p. 5.*

17.   Pursuant to 18th December 2006 Resolution Meeting Notes, Defendants agreed to provide Plaintiff with the aforementioned assistive technology within 90 days from the Settlement Agreement. *See, Plaintiffs' Memo. For TRO, Exhibit # 1, at p. 3.*

18.   Plaintiffs have emailed, telephoned and made every effort to get Defendants

to comply with the 18th December 2006 *IDEA* Settlement Agreement and 10th January 2007 amended IEP to provide D.H. FAPE, and Defendants have refused to comply with the contract and the law.

19.    Therefore, the Defendants' failure to comply with the 18th December 2006 *IDEA* Settlement Agreement and 10th January 2007 amended IEP has denied D.H. FAPE in violation of *Board of Education of the Hendrick Hudson Central School District v. Rowley, 458 U.S. 176, at p. 189 (1982).*

**COUNT I**

20.    Plaintiffs repeat and re-allege paragraphs 1-19 of this Complaint.

21.    Defendants have breached the 18th December 2006 *IDEA* Settlement Agreement and 10th January 2007 amended IEP by failure to provide the agreed upon assistive technology pursuant to contract. *See, 34 C.F.R. § 300.350 (a) (1) & (2)* which require Defendants to "(1) provide special education and related services to a child with a disability in accordance with the child's IEP; and (2) make a good faith effort to assist the child to achieve the goals and objectives on benchmarks listed in the IEP.

22.    WHEREFORE, Plaintiff demands that Defendants be immediately enjoined from refusing to provide D.H. with the assistive technology pursuant to the 18th December 2006 *IDEA* Settlement Agreement and 10th January 2007 amended IEP.

**COUNT II**

23.    Plaintiffs repeat and re-allege paragraphs 1-19 of this Complaint.

24.    Defendants have breached the 18th December 2006 *IDEA* Settlement Agreement and 10th January 2007 amended IEP by failure to provide the agreed upon assistive technology pursuant to contract. Defendants' violation of the *IDEA* Settlement

Agreement was a breach of contract. *Makins v. District of Columbia, 277 F.3d 544, 548 (D.C. Cir. 2002)*, and "general principles of contract law govern [their] resolution." *Foretich v. American Broadcasting Companies, Inc., 198 F.3d 270, 274 (D.C. Cir. 1999)*.

25.    WHEREFORE, Plaintiff demands that Defendants be immediately enjoined from refusing to provide D.H. with the assistive technology pursuant to the 18th December 2006 *IDEA* Settlement Agreement and 10th January 2007 amended IEP.

## COUNT III

26.    Plaintiffs repeat and re-allege paragraphs 1-19 of this Complaint.

27.    Defendants' ongoing failure to comply with the 18th December 2006 *IDEA* Settlement Agreement and 10th January 2007 amended IEP continues to denied D.H. FAPE in violation of *Board of Education of the Hendrick Hudson Central School District v. Rowley, 458 U.S. 176, at pp 189 (1982)*.

28.    WHEREFORE, Plaintiff demands that Defendants be immediately enjoined from refusing to provide D.H. with the assistive technology pursuant to the 18th December 2006 *IDEA* Settlement Agreement and 10th January 2007 amended IEP.

## COUNT IV

29.    Plaintiff repeats and re-alleges paragraphs 1-19 of this Complaint.

30.    Defendants' intend to cause irreparable harm and injury to the special education student DH by refusing to provide the assistive technology.

31.    D.H. will be become a dysfunctional adult, illiterate and unable to function within society without the assistive technology mandated by his IEP. D.H. will suffer immediate irreparable injury from the government's ongoing violations of Plaintiff's

6

statutory, Common Law, Equitable, and regulatory rights.

32.    WHEREFORE, Plaintiffs move this court to immediately order Defendants to provide D.H. with the assistive technology per the 18th December 2006 *IDEA* Settlement Agreement and 10th January 2007 amended IEP.

**REMEDY**

**WHEREFORE,** plaintiff respectfully requests that this court do the following:

1.    Issue judgment for Plaintiffs and against Defendants;

2.    Order Defendants to immediately comply with the 18th December 2006 *IDEA* Settlement Agreement and 10th January 2007 amended IEP.

3.    Award attorneys' fees and costs for the litigation of this case in this court pursuant to statute, regulations, contract law, and federal common law. *20 USC 1415 (i) (3) (B).*

4.    Award any other relief the court deems just and or equitable.

Respectfully submitted,

Roy Carleton Howell, No. 415142
8003 Parkside Lane, N.W.
Washington, D.C. 20012
Home Phone (202) 545-0750
Office Phone (202) 545-0755

Attorney for Plaintiff

7

*Equity 2*
*M. nerburtz*

**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
OFFICE OF THE JUDGE IN CHAMBERS

CASE NO.: _CA3793-07_

TO: _Adrian Fenty_

### NOTICE OF HEARING

You are hereby notified that there will be a hearing on Plaintiff's request for

a Temporary Restraining Order (T.R.O.) against you, on

_6/18/07_ , at _10:30_ a.m./~~p.m.~~ at
(date)                      (time)

D.C. SUPERIOR COURT, 500 Indiana Avenue, N.W., Room 4220, 4th floor.

If you wish to be heard, your presence is required.

WHITE - DEFENDANT      CANARY - PLAINTIFF      PINK - COURT FILE

FORM SO-20644/Jul. 98



# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

DARLENE E. HOWELL
   Vs.                               C.A. No.     2007 CA 003793 B
DISTRICT OF COLUMBIA

## INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

Chief Judge Rufus G. King, III

Case Assigned to: Judge MELVIN R WRIGHT
Date:  June 4, 2007
Initial Conference: 9:30 am, Friday, September 28, 2007
Location:  Courtroom 200
           500 Indiana Avenue N.W.
           WASHINGTON, DC 20001

Caio.doc

## ADDENDUM TO INITIAL ORDER AFFECTING
## ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www:dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 105, 515 5th Street, N.W. (enter at Police Memorial Plaza entrance). Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code § 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Clerk's Office. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Rufus G. King, III

Caio.doc

CA Form 1

# Superior Court of the District of Columbia
## CIVIL DIVISION
### 500 Indiana Avenue, N.W.,  Room JM-170
### Washington, D.C. 20001  Telephone: 879-1133

DARLENE E. HOWELL
ARENT AND NEXT FRIEND OF D.H.
003 PARKSIDE LANE, N.W.
ASHINGTON, D.C. 20012

*Plaintiff*

0003793-07

Civil Action No. _____

vs
HONORABLE ADRIAN FENTY, MAYOR
ISTRICT OF COLUMBIA
350 PENNSYLVANIA AVENUE, NW
ASHINGTON, D.C. 20004        *Defendant*

### SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below.   If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

*R. Howell*
Name of Plaintiff's Attorney

*8003 Parkside Ln. NW*
Address *WASH, D.C.*

*(202) 545-0750*
Telephone

*Clerk of the Court*

By _____
Deputy Clerk

Date   *6/4/07*

**PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170**

**YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170**

NOTE: SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.

CV(6)-456/May 03

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
### CIVIL DIVISION

DARLENE E. HOWELL, *et al.*,

           Plaintiffs

    v.

DISTRICT OF COLUMBIA, *et al.*,

           Defendants.

Civil Action No.  0003793-07

JUDGE: _____

> RECEIVED
> Civil Clerk's Office
> JUN 0 4 2007
> Superior Court of the
> District of Columbia
> Washington, D.C.

---

## MOTION FOR TEMPORARY RESTRAINING ORDER

**COME NOW** Plaintiff Darlene E. Howell as parent and next friend of D.H. by

Attorney Roy Carleton Howell, and Associates and moves for a Temporary Restraining

Order per *SCR Civil 65 (b)*.

In support of this Motion for a Temporary Restraining Order, Plaintiffs rely upon

the accompanying Memorandum of Points and Authorities and Exhibits attached thereto.

A proposed Order is filed herewith

          Respectfully submitted,

          Roy Carleton Howell, No. 415142
          8003 Parkside Lane, N.W.
          Washington, D.C. 20012
          Home Phone (202) 545-0750
          Office Phone (202) 545-0755

          Attorney for Plaintiff

1

## CERTIFICATE OF SERVICE

I hereby certify that a copy of this Motion for a Temporary Restraining Order and proposed order, were served upon:

Adrian Fenty, Mayor
Wilson Building
1350 Pennsylvania Avenue, NW
Washington, D.C. 2004

Clifford Janey, Superintendent
825 North Capital Street, N.E.
Washington, D.C. 20002

Linda Singer, Attorney General
441 Fourth Street, N.W.
Suite 600 South
Washington, D.C. 20001.

The date and time of service of each of the above is set out in three separate affidavits of the process server.

Respectfully,

Roy Carleton Howell

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

DARLENE E. HOWELL, *et al.*,
Parent and Next Friend of D.H.,

          Plaintiffs,

v.

          Civil Action No. 0003793-07

          JUDGE: _____

DISTRICT OF COLUMBIA *et al.*,

          Defendants.

## PETITIONERS' MEMORANDUM OF POINTS AND AUTHORITIES
## IN SUPPORT OF TEMPORARY RESTRAINING ORDER

### I.    INTRODUCTION

       D.H. is a special needs student with significant disabilities enrolled in the D.C. public school system. D.H. has an Individual Education Program (IEP) pursuant to the *Individuals With Disabilities Education Improvement Act 2004, 20 USC §§ 1400 et seq. (IDEA)* and *34 C.F.R. Part 300*, which was amended 10th January 2007. *See, Exhibit # 1.* The amended 10th January 2007 IEP was executed pursuant to an 18th December 2007 Settlement Agreement. *See, Exhibit # 2.*

### II.    CAUSE OF ACTION

       This is a cause of action against the District of Columbia for violation of an 18th December 2006 Settlement Agreement and 10th January 2007 amended IEP to provide D.H. with a Free Appropriate Education (FAPE) pursuant to contract. In the District of Columbia, settlement agreements are treated as contracts. *Makins v. District*

*of Columbia, 277 F.3d 544, 548 (D.C. Cir. 2002)*, and "general principles of contract law govern [their] resolution." *Foretich v. American Broadcasting Companies, Inc., 198 F.3d 270, 274 (D.C. Cir. 1999)*.

Moreover, this is a cause of action against the District of Columbia for violation of an 18th December 2006 Settlement Agreement and 10th January 2007 amended IEP to provide DH with FAPE pursuant to the *IDEA*

## III.    <u>NOTICE</u>

Per *SCR Civil 65 (a) 1* notice has been served on adverse parties to this litigation. A copy of this pleading has been served upon all adverse parties in a timely fashion (*see*, Notice of Hearing, Certificate of Service). Therefore, the Notice requirement pursuant to *SCR Civil 65 (a) 1* has been satisfied.

## IV.    <u>SECURITY</u>

As a general rule before a TRO can be issued, the applicant must post security with the Court. *43 C.J.S. § 2 Preliminary Injunction*, and *§ 8 Restraining Order. SCR CIVIL 65 (c)* grants this court discretion to determine a security sum if any. Pursuant to *SCR CIVIL 65 (c)* the court must determine "the payment of such costs and damages as may be incurred or suffered by any party who is found to have been wrongfully enjoined or restrained."

Here, *sub judice*, the District of Columbia cannot incur or suffer costs or damages insofar as they are in ongoing violation of an 18th December 2006 Settlement Agreement and 10th January 2007 amended IEP to provide D.H. with FAPE pursuant to contract and *IDEA*. If necessary, a nominal security of ten dollars should be set inasmuch as Defendants will incur or suffer <u>no</u> costs or damages.

2

## V.    **FACTS**

On 18th December 2006 the parties resolved an ***IDEA*** administrative Complaint at a Resolution Meeting and executed a Settlement Agreement. *See, Plaintiffs' Exhibit # 1.* Subsequently, on 10th January 2007 the parties amended the IEP for D.H. at a Multidisciplinary Team Meeting (MDT). *See, Plaintiffs' Exhibit # 2.*

Pursuant to the 18th December 2006 Settlement Agreement and 10th January 2007 amended IEP, Defendants agreed to provide Plaintiffs the following:

(a) one laptop computer, *See, Exhibit 1, at p. 3;*

(b) ten hours compensatory education in computer tutorial, *See, Exhibit # 1, at p. 3;*

(c) one digital voice recorder, *See, Exhibit # 2, at p. 6;*

(d) Kurzweil software program, *See, Exhibit # 2, at p. 5;*

(e) Inspiration (Graphic Organizer-Software) by Inspiration Software, Inc., *See, Exhibit # 2, at p. 5;*

(f) Co-Writer Solo by Don Johnston, Inc., *See, Exhibit # 2, at p. 5.*

Per the 18th December 2006 Resolution Meeting Notes, Defendants agreed to provide Plaintiff with the aforementioned assistive technology within 90 days from the Settlement Agreement. Plaintiffs have emailed, telephoned and made every effort to get Defendants to comply with the 18th December 2006 ***IDEA*** Settlement Agreement and 10th January 2007 amended IEP to provide D.H. with FAPE, and Defendants have refused to comply with the contract and the law.

Defendants' failure to comply with the 18th December 2006 ***IDEA*** Settlement Agreement and 10th January 2007 amended IEP has denied D.H. FAPE in violation of ***34 C.F.R. § 300.350 (a) (1) & (2)***, and ***Board of Education of the Hendrick Hudson Central School District v. Rowley, 458 U.S. 176, at p. 189 (1982).***

Pursuant to the 18th December 2006 Settlement Agreement, the parties stipulated that the agreement was legally binding with enforcement in the District of Columbia Superior Court or the United States District Court for the District of Columbia. The parties agreed that jurisdiction for the agreement lies within the District of Columbia. *See, Plaintiffs' Exhibit # 1, at p. 6.*

## VI.    SPECIAL EDUCATION

### A.    The IDEA, the Rehabilitation Act and the ADA

The *Individuals With Disabilities Education Act (IDEA), 20 U.S.C. §§ 1400, et seq.,* guarantees that each student with a disability is ensured a Free Appropriate Public Education (FAPE), including special education and related services, at no cost to parents or guardians, to meet the unique needs of that student.  The implementing regulations for *§ 504 of the Rehabilitation Act,*, concerning elementary and secondary education, are comparable in most respects to those promulgated under *IDEA.  34 C.F.R. Part 104.*.

The *IDEA's*  principal means of ensuring that children with disabilities receive a Free Appropriate Education (FAPE) is through comprehensive and individualized evaluations via development of Individualized Education Program (IEP), in which the child's parents and current teachers, along with other professionals, set forth the required components of an educational program designed to meet the child's unique needs. *34 C.F.R. § 300.344* and *34 C.F.R. § 300.345*. Via the combined efforts of the participants at the IEP meeting, a written plan must be consummated that includes: (1) a statement of the child's present levels of educational performance; (2)  a statement of annual goals, including short-term instructional objectives;  (3)  a statement of the

specific special education and related services[1] to be provided to the child and the extent to which the child will be able to participate in regular education programs; (4) the projected dates for initiation of services and the anticipated duration of services; (5) and appropriate objective criteria and evaluation procedures for determining whether the short-term instructional objectives are being achieved *34 C.F.R § 300.346.*.

After performing a comprehensive evaluation of the student's current functioning and needs and developing an IEP designed to meet the child's individual needs, the school must propose an appropriate placement for the child, *i.e.*, one that can meet the child's individual needs as determined through evaluation and set forth in the "IEP." The school is further required to establish and maintain a continuum of alternative placements, including regular classes, special classes, special schools, home instruction, and instruction in hospitals and institutions. *34 C.F.R. §§ 300.400 -300.403.*.

Whenever the school proposes to change the educational placement of a student in special education, the school is required to provide detailed, written notice to the parents, including a full explanation of all procedural safeguards available to them, an explanation of why the school proposes to take the action, a description of any other options considered and the reasons for their rejection, a description of all bases for the school's proposal, and a description of any other factors relevant to the school's decision. *34 C.F.R. §§ 300.504, 34 C.F.R. § 300.505,* and *34 C.F.R. § 104.36.*. Included in the required written notice of available procedural safeguards must be notice of the right to a prior administrative Hearing if the parents disagree with the school's proposed action. *See 20 U.S.C. § 1415 et seq.*

---

[1] Related services under *IDEA* include such services as psychological counseling, speech and language therapy, occupational therapy and physical therapy. *34 C.F.R. § 300.16.*

In addition to the specific requirements of *IDEA* and *Rehabilitation Act* outlined above, the *Americans with Disabilities Act (ADA)* prohibits any public entity from employing methods of administration that have the effect of defeating or substantially impairing accomplishment of the objectives of that public entity's program with respect to individuals with disabilities, in this case, the provision of a free, appropriate public education. *28 C.F.R. § 35.130 (b) (3) (ii).*

Defendants' failures to fully comply with the *IDEA* Settlement Agreement and amended IEP have denied D.H. special educational, related services, special education goals and a denial of FAPE in violation of *34 C.F.R. § 300.350 (a) (1) & (2)* and *Board of Education of the Hendrick Hudson Central District v. Rowley, 458 U.S. 176, at p. 189 (1982).*

## VII.    **INJUNCTIVE RELIEF**

Motions for TRO or preliminary injunction are governed by *SCR-CIVIL 65.* There are four factors to consider in granting injunctive relief:

(1)  that there is a substantial likelihood one will prevail on the merits;

(2)  that one is in danger of suffering irreparable harm during the pendency of the action;

(3)  that more harm will result to him from the denial of the injunction than will result to the other party;

(4)  that the public interest will not be disserved by the issuance of the requested order. *Wieck v. Sterenbuch, 350 A.2d 384, 387 (D.C. 1976).*

### A. Plaintiffs will prevail on the merits.

Defendants' failures to fully comply with the *IDEA* Settlement Agreement and amended IEP have denied D.H. special educational, related services, special education goals and a denial of FAPE in violation of *34 C.F.R. § 300.350 (a) (1) & (2)*

and *Board of Education of the Hendrick Hudson Central District v. Rowley, 458 U.S. 176, at p. 189 (1982)*. Wherefore, Plaintiffs will prevail on the merits.

Defendants have violated an 18th December 2006 Settlement Agreement and 10th January 2007 amended IEP to provide D.H. with a Free Appropriate Education (FAPE) pursuant to contract. In the District of Columbia, settlement agreements are treated as contracts. *Makins v. District of Columbia, 277 F.3d 544, 548 (D.C. Cir. 2002)*, and "general principles of contract law govern [their] resolution." *Foretich v. American Broadcasting Companies, Inc., 198 F.3d 270, 274 (D.C. Cir. 1999)*. Therefore, Defendants are in breach of contract. Hence, Plaintiffs will prevail on the merits.

### B. Plaintiffs will suffer irreparable harm.

This severely learning disabled student will suffer irreparable harm due to the denial of special education, special services and goal set out in his IEP. The illegal termination of this special needs student's appropriate services articulated in his IEP must be immediately enjoined. Thus, D.H. will suffer irreparable harm if injunctive relief is not granted. *See, e.g., Davenport v. international Brotherhood Teamsters, 334 U.S. App. D.C. 228, 232, 166 F.3d 356, 360 (1999)*. The clear and convincing proof that D.H. will suffer irreparable harm is found in the 18th December 2006 *IDEA* Settlement Agreement, and 10th January 2006 amended IEP to provide FAPE. These documents substantiate that D.H will suffer irreparable academic failures, psychological harm, failed IEP goals and irreparable injuries. *See, Vargas v. Chardon, 405 F. Supp. 1348, 1353 (D. Puetro Rico (1975)* which requires clear and convincing proof for injunctive relief.

This special needs student's irreparable academic failures, psychological

harm, failed IEP goals and irreparable injuries are incapable of being redressed after a

final hearing on the merits. *See, Weick v. Sterenbuch, 350 A.2d 384, 388 (D.C. 1976)*.

### C. More harm will result to D.H. from denial of injunction than will result to the other party.

What do Defendants stand to loose by being enjoined from denying D.H.

FAPE? Defendants loose nothing. What does D.H. stand to loose by being denied

special education, related special services and FAPE? D.H. suffers irreparable academic

failures, psychological harm, failed IEP goals and irreparable injuries. Hence, more harm

will result to D.H. from denial of injunctive relief than will result to Defendants. *See,*

*District of Columbia v. Group Ins. Administration, 633 A.2d 2, 23 (D.C. 1993)* and

*Weick v. Sterenbuch, 350 A.2d 384, 387 (D.C. 1976)*.

### D. Public interest will not be disserved by issuance of requested order.

Suffice to say that it is the public interest to insure enforcement of *IDEA, 34*

*C.F.R § 300.350 (a) (1) & (2)*, and *Board of Education of the Hendrick Hudson*

*Central District v. Rowley, 458 U.S. 176, at p. 189 (1982)*. Moreover, it is in the public

interest for the District of Columbia Government to honor *IDEA* Settlement Agreements

and comply with IEPs to provide learning disabled children with FAPE pursuant to law.

Therefore, in the case at bar, injunctive relief would be in the public interest or at least

not be adverse to the public interest. *See e.g., Washington Metropolitan Area Transit*

*Commission v. Holiday Tours, Inc., 559 F.2d 841, 842-844 (D.C. Cir. 1977); Sea*

*Containers Ltd. v. Stena AB, 890 F.2d 1205, 1208 (D.C. Cir. 1989)*.

E. **The standard for injunctive relief per** *Washington Metropolitan Area Transit Commission v. Holiday Tours, Inc., 559 F.2d 841, 842-844 (D.C. Cir. 1977)*.

Under *Washington Metropolitan Area Transit Commission v. Holiday Tours, Inc., 559 F.2d 841, 842-844 (D.C. Cir. 1977)*, the factors must be viewed as a continuum- more of one factor compensating for less of another. The necessary level or degree of likelihood of success will vary according to the court's assessment of the other factors; when the other three factors strongly favor interim relief, a court may grant injunctive relief when the movant has merely made out a "substantial" case on the merits. *See, Washington Metropolitan Area Transit Commission v. Holiday Tours, Inc., 559 F.2d at p. 843*

In the case of a violation of a federal statute, however, "a court need not inquire into the traditional requirements for equitable relief." *Community Nutrition Institute v. Butz, 420 F. Supp. 751, 753-754 (D.D.C. 1976)*. This doctrine was established over fifty years ago by the Supreme Court:

> [W]e are satisfied that this new case does not call for a balancing of equities or for the invocation of the generalities of judicial maxims in order to determine whether an injunction should have issued. The equitable doctrines relied on do not militate against the capacity of a court of equity as a proper forum in which to make a declared policy of Congress effective. **United States v. San Francisco, 310 U.S. 16, 30-31 (1940)**.[2]

Thus, this Court must grant the relief sought by plaintiffs at this point without any further showing. However, if the Court is inclined to consider the traditional requirements for injunctive relief, it will find that they have been satisfied as well.

---

[2] *See also*, Tennessee Valley Authority v. Hill, 437 U.S. 153, 193-194 (1978); Securities Industry Ass'n v. Board of Governors, 628 F. Supp. 1438, 1443 (D.D.C. 1986); National Wildlife Federation v. Andrus, 490 F. Supp. 1245, 1256 (D.D.C. 1977).

**VIII.**    <u>**CONCLUSION**</u>

For the foregoing reasons this motion for injunctive relief must be granted.

Respectfully submitted,

Roy Carleton Howell, No. 415142
8003 Parkside Lane, N.W.
Washington, D.C. 20012
Phone (202) 545-0750
Phone (202) 545-0755

Attorney for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that a copy of this Memorandum of Points and Authorities in Support of Temporary Restraining Order and proposed order, were served upon:

Adrian Fenty, Mayor
Wilson Building
1350 Pennsylvania Avenue, NW
Washington, D.C. 2004

Clifford Janey, Superintendent
825 North Capital Street, N.E.
Washington, D.C. 20002

Linda Singer, Attorney General
441 Fourth Street, N.W.
Suite 600 South
Washington, D.C. 20001.

The date and time of service of each of the above is set out in three separate affidavits of the process server.

Respectfully,

Roy Carleton Howell

10

# *Plaintiffs' Exhibit Number One*

DISTRICT OF COLUMBIA PUBLIC SCHOOLS
WASHINGTON, D.C.

MULTIDISCIPLINARY TEAM
(MDT)
MEETING NOTES

MDT REFERRAL DATE: _____

STUDENT: *Devin Howell*

SCHOOL: *Kingsbury*

MEETING DATE: 1/10/07

MDT

PARTICIPANTS: (Print Name)

Tiece Ruffin, Ph.D.
Jessica Lux
Darlene Howell
Roy Carleton Howell
Damon A. Suss, PsyD
Kim Hughes
Kathleen Kyne
Britt Jackson

PARTICIPANTS: (Sign Name)

Tiece Ruffin
Jessica Lux
Darlene Howell
Roy Carleton Howell
Damon Suss
Kim Hughes
Kendal Kyne OT/L
Britt Jackson

POSITION

DCPS Placement Spec.
KDS-U.S. Direct.
Mother
FATHER
Psychologist
SLP
Occupational Therapist
Special Education Teacher

✓ Introductions

✓ Purpose of mtg.
  – Review eval (assistive technology)
  – amend IEPs as appropriate
  – discuss placement & issue
    prior notice

THE PARENT ☑ IS PRESENT ☐ IS NOT PRESENT AT THE MEETING

AFTER A REVIEW OF THE ASSESSMENTS, IT IS DETERMINED THAT _____

☐ CONTINUES TO BE ELIGIBLE FOR SPECIAL EDUCATION

☐ IS TO BE EXITED FROM SPECIAL EDUCATION

DISTRICT OF COLUMBIA PUBLIC SCHOOL
WASHINGTON, DC

MDT REFERRAL DATE:_____

MULTIDISCLIPARY TEAM (MDT)
CONTINUATION MEETING NOTES
MEETING TYPE:_____

Page 2 of 4

STUDENT:_____    SCHOOL:_____    DATE:_____

In March of 2006 the MDS requested
an assistive technology evaluation.
DCPS completed the evaluation on 11/14/06.
The team has convened to review the
evaluation and amend the IEP as
necessary.

Review of evaluation

The MDS reviewed the assistive technology
evaluation. Through discussion the team
agreed that the previously ordered read aloud
software (Wynward) will be switched to Kurzweil.
DCPS will provide the software to the parent & student.
By report of the OT Devin has used word-
prediction software, Kurzweil, inspiration
and Co-Writer Solo software to aid in his
learning already at Kingsbury

Discussion of use of digital voice recorder

Mr. Jackson taught him for 7 years and
is currently his advisor. Mr. Jackson
reports that Devin would not benefit
from the digital voice recorder due to various

DISTRICT OF COLUMBIA PUBLIC SCHOOL
WASHINGTON, DC

MDT REFERRAL DATE:_____

MULTIDISCLIPARY TEAM (MDT)
CONTINUATION MEETING NOTES
MEETING TYPE:_____

Page 3 of 4

STUDENT:_____    SCHOOL:_____    DATE:_____

reasons. Reasons such as:
- is Devin motivated to independently re-listen to the recording because he is motivated to complete assignments quickly (and not re-listen to material)
- Mr. Jackson has not observed Devin experiencing fatigue during note-taking

Related Service & Parent input
- Ms. Pines, OT, suggests that the digital voice recorder would be beneficial to his learning as practice to assist with his post-secondary goal of college
- The OT & SLP indicate that he is an auditory learner and he would benefit from the digital voice recorder
- The parent/attorney indicates that Devin uses auditory recordings in his learning

The MDS agreed that Devin would benefit from the use of a digital voice recorder. DCPS agrees to buy the digital voice recorder

DISTRICT OF COLUMBIA PUBLIC SCHOOL
WASHINGTON, DC

MDT REFERRAL DATE:_____     MULTIDISCLIPARY TEAM (MDT)          Page 4 of 4
                                  CONTINUATION MEETING NOTES
                                  MEETING TYPE:_____

STUDENT:_____     SCHOOL:_____     DATE:_____

and provide it to Devin in a timely manner.
Devin entered the meeting and told the
MDT that he would use the digital
voice recorder and he definitely would
benefit from using it for his learning

Review/Revise IEP

The team reviewed the #1 goal from his
current IEP (3/10/06) titled "functional
perceptual-motor skills" and determined
it is appropriate in regard to use of
assistive technology software (literacy,
word prediction, and graphic organizer)

The MDT developed a new goal as well
to address his assistive technology needs.
The MDT agreed to the new goal developed.

The MDT determined that Kingsbury is an
appropriate placement. DCPS issued the
prior notice to Kingsbury.

DISTRICT OF COLUMBIA PUBLIC SCHOOLS
WASHINGTON, DC

KDS Notes
Amended IEP
Page 1 of 2

MDT REFERRAL DATE: _____

MULTIDISCIPLINARY TEAM (MDT)
CONTINUATION MEETING NOTES
MEETING TYPE:   IEP

STUDENT: Devin Howell          SCHOOL  KDS          DATE: 1/10/07

Team will review the Assist. Tech Evaluation completed by DCPS on 11/14/06. DCPS resolution session concluded with DCPS buy'g laptop & software as compensatory educ.
Devin benefitted from us'g Co-Writer Solo. He benefits from us'g word prediction software where he can appropriately select the correct word.

OT reports us'g Kurzweil, Co-Writer & Inspiration as well as keyboard'g skills. Kurzweil is helpful fr Devin & gives him access to the iternet, & has features to help him do research/ take notes within the Kurzweil program. Devin needed assistance scann'g the document into the computer - especially when he had to reduce the size of the document.

~ evaluation from the resolution recommended Win Wizard software -
the team believes that Devin should get Kurzweil as he is familier
ith that program. That DCPS will change the software order
for Kurzweil - this may delay the arrival of the software only.
The parents/atty are okay with making this change.
~ evaluation recommended a digital voice recorder - team review of this:

cher: He is not sure whether Devin is motivated to re-listen to an assignment/ lecture. He wants to complete the assignment as quickly as possible

Because Devin has visual-perceptual difficulties. He can even have difficult with cursor on a website. Motivation is a major difficult for him. If he is ~en to try'g things we might explore that. He is a stronger auditory ~ut - Devin listens to audio tape at museum-

DISTRICT OF COLUMBIA PUBLIC SCHOOLS
WASHINGTON, DC

MDT REFERRAL DATE: _____

MULTIDISCIPLINARY TEAM (MDT)
CONTINUATION MEETING NOTES
MEETING TYPE: ___IEP___

Amended IEP

Page: 2 of 2

STUDENT: Devin Howell          SCHOOL: KDS          DATE: 1/10/07

The team recommends purchasing a digital voice recorder & thinks it will be a benefit for Devin. DCPS will provide a digital voice recorder for Devin.

The team developed Assistive Technology for Devin during the mtg which will be added to his IEP from '06.

The 10 hours of comp ed for tutoring will be implemented afterschool hours by Kingsbury.

MDT— Devin will Continue

| Student Name | Devin Howell | | Managing School | Kingsbury Day School | DCPS - IEP |
|---|---|---|---|---|---|
| Student ID Number | | DOB 1/6/89 | Attending School | | Page 3 of 4 |

| **VIII. SPECIALIZED SERVICES** | Additional Comments: ☐ | Goal Number: ☐ 1 |
|---|---|---|

Area addressed by goal: Assistive Technology

**ANNUAL GOAL:** (including mastery criteria.)

Devin will demonstrate proficiency with ~~an~~ various assistive technology devices & programs (laptop, digital voice recorder, Kurzweil, Co-writer, Inspiration) with increasing independence as demonstrated by completing the following objectives:

Provider(s): Special Educ. Team  (Spec. Ed Teachers, OT, SLP & Tutor)

Consider audience, behavior, condition, degree and evaluation.

| SHORT-TERM OBJECTIVES (include mastery criteria or benchmarks) | Data Mastered | Evaluation Schedule |
|---|---|---|
| Devin will identify which assistive technology device and/or program is appropriate for the assigned activity with 80% accuracy. | Quarterly | |
| Devin will demonstrate proficiency initiating use in the correct sequence 80% of the time. | Quarterly | |
| Devin will refer to previously recorded work with minimal reminders 80% of the time. | Quarterly | |
| Devin will independently seek assistance when he is confused with the programs/devices 80% of the time. | Quarterly | |
| Devin will use the assistive technology devices/programs 80% of the time when the assignment appropriate to it | Quarterly | |
| | | |

**EVALUATION PROCEDURE(S)**

☐ Portfolio  ☐ Log  ☐ Chart  ☐ Test  ☑ Documented Observation  ☑ Report  ☐ Other _____

District of Columbia Public Schools    07-02-2001    Division of Special Education    Appendix - A    IEP Page 3 of 4

**DISTRICT OF COLUMBIA PUBLIC SCHOOLS**
**WASHINGTON, D.C.**
**INDIVIDUALIZED EDUCATIONAL PROGRAM**

DCPS - IEP  Page 1 of 4
Additional Comments: ☐

## I. IDENTIFICATION INFORMATION

Student Name: Last  Howell    First  Devin    MI

Student ID  9073301    Soc. Sec. No.    Age: 17    Grade 11

Gender ☒ M ☐ F    Date of Birth  1/6/89    Ethnic Group  African American

Address  8003 Parkside Lane NW

House No.    Street Name

Washington D C    Quadrant    Apartment #    20011

☐ Non-attending    City    State    Zip Code

Attending School  Kingsbury Day School    Home School

☐ Elem. ☐ Mid/JHS ☒ SHS ☐ CWS /

Parent  Roy and Darlene Howell

Address of (if different from student):    ☒ Parent ☐ Guardian ☐ Surrogate

House No.    Street Name    Quad    Apt. No    City    State    Zip Code
Telephone: Home  202-5450-0750    Work

## II. CURRENT INFORMATION

Date of IEP Meeting:  3/10/06
Date of Last IEP Meeting:  6/6/05
Date of Most Recent Eligibility Decision:  5/2000

Amend 1/10/0 gh

Purpose of IEP Conference:
☐ Initial IEP    ☒ Review of IEP
☒ Requested Eval. ☒ 3yr ReEval.

Indicate Level of Standardized Assessment:
III

ADDENDA TO BE ATTACHED AS NEEDED
Check the appropriate box(es)

| | BEHAVIOR | ☒ | TRANSPORTATION |
| ☒ | ESY | ☒ | TRANSITION |

## III. LANGUAGE

| | Language | Language Used for Evaluation | Language Used In Conference | Communication Requirements | To be completed by Office of Bilingual Education English and Math Proficiency Assessment |
|---|---|---|---|---|---|
| Student | English | | | | Oral |
| Parent | English | | | | Rdg./ Written |
| Home | English | | | | Instrument: |
| | | | | | Date: |

## IV. SPECIAL EDUCATION AND RELATED SERVICES SUMMARY

| SERVICES | SETTING GenEd | SpEd | Total | FREQUENCY Hr./ Min | D/W/M. | PROVIDER (by discipline) | BEGINNING DATE mm/dd/yyyy | DURATION # | wks./mos |
|---|---|---|---|---|---|---|---|---|---|
| Speech Therapy | | X | | 135 | min | wkly | Speech Pathologist | 9/5/06 | 10 | mos |
| Occupational Therapy | | X | | 30 | min consults 2x month | Occupational Therapist | 9/5/06 | 10 | mos |
| Psychotherapy - Indiv. | | X | | 45 | min | wkly | Psychologist | 9/5/06 | 10 | mos |
| Psychotherapy - Group | | X | | 45 | min | wkly | Psychologist | 9/5/06 | 10 | mos |
| Specialized Instruction | | X | | | hrs | wkly | Special Ed Team | 9/5/06 | 10 | mos |
| TOTAL | | | 32 | Hours Per Week | | | | | |

## V. Disability(ies)

LD ~ OH I

☒ (Check if setting is general Ed.)

Percent of time in Specialized Instruction and Related Services
☐ 0-20%    ☐ 21-60%    ☒ 61-100%
Percent of time NOT in a Regular Education Setting

## VI. IEP TEAM (Participants in the development of the IEP)

Jessica Lux, ___ Upper School Director
Dale Frengel Dale Frengel Guid. Coun.
Howell, Roy Carleton ___
Darlene Howell  Darlene E Howell
Danny Sims, ___ ___ Psychologist

Print and sign your name below.

Britt Jackson  Britt Jackson Sped teacher
Joan Deason  Joan Deason - tutor
Marissa Moon  Marissa Moon  SLP

I AGREE with the contents of this IEP. I have had an opportunity to be involved in the development of this IEP and consent to the implementation of the services in the IEP. I have received a copy of this IEP and consent to the implementation of the services in the IEP. I have received a copy of the procedural safeguards and parent rights pertaining to special education.

Parent/Guardian Signature ___    Date  10th MARCH 2006

I AGREE: ___  10th Jan. 2007
Darlene E Howell  1/10/07

# *Plaintiffs' Exhibit Number Two*

**State Education Agency for the District of Columbia**
**State Enforcement and Investigation Division (SEID) Special Education**
**Programs**



# Due Process Complaint Disposition

- This form should be used by the parties to notify the Student Hearing Office about important information concerning the outcome of the resolution meeting.
- Please return to the Student Hearing Office of the District of Columbia Public Schools, 825 North Capitol Street, NE, 8ᵗʰ Floor, Washington, DC 20002, Fax number 202/442-5556.

## A.    STUDENT AND CASE INFORMATION:

Student Name: | Devin    B.    Howell | Birth Date: | 1-6-89
First        MI        Last.

SHO Case Number: [                    ]    (if applicable)

## B.    PARENT / GUARDIAN:

Name: | Roy                              Howell
First                              Last

Complete Address: | 8003 Parkside Lane, NW
Washington, DC  20012

Phone:

[          ]  Home        [          ]  Work or alternative phone no.        [          ]  Fax No. if applicable

## C.    LOCAL EDUCATION AGENCY REPRESENTATIVE:

Full Name: | Kymberly    Grafton | Title: | LEA, CRS

Address: | 825 North Capitol Street, NE 6ᵗʰ Floor
Washington, DC  20002

Phone: | (202) 442-4800 | (202) 442-5517
Office                          Fax

SEID DRN  Rev'd. 6/14/05

1

__X__   The complaint has been resolved and the parties have reached agreement to the satisfaction of the parent / guardian. The due process complaint notice and the request for a due process hearing should be dismissed and withdrawn. The parties are aware that the agreement may be voided by any party within 3 business days of the date the agreement is signed. The parties have agreed to wait at least 3 business days before filing this form with the Student Hearing Office.

_____   The resolution session was unsuccessful. The case should proceed to a due process hearing.

_____   The resolution session was unsuccessful. The parties have agreed to try mediation.

_____   The parties mutually agree to waive the resolution session and request mediation and the assignment of a mediator to this case.

_____   The parties mutually agree to waive the resolution session and request that this case proceed to a due process hearing on the merits.

_____   The parent has failed to participate in a resolution meeting as required under the law. A due process hearing should not be scheduled until further notice

**J.    Signature and Affirmation:**

I affirm that the information provided on this form is true and correct. I also affirm my receipt of the Procedural Safeguards Manual or I have waived my right to receive the Procedural Safeguards Manual.

_____    18th December 2006
Signature of Parent/Guardian                Date

_____    12-18-06
Local Educational Agency Representative     Date

**Mail, fax or deliver this form to:**
**State Enforcement and Investigation Division**
**For Special Education Programs (SEID)**
**Student Hearing Office (SHO)**
**825 North Capitol Street, NE, 8th Floor**
**Washington, DC 20002**
**Fax number: 202/442-5556**

SEID DRN Rev'd. 6/14/05                    2

DISTRICT OF COLUMBIA PUBLIC SCHOOLS
WASHINGTON, D.C.

__ PUBLIC        ___DCPS CHARTER        __ LEA CHARTER        _x_ NONPUBLIC        ___ PRIVATE/RELIGIOUS

## RESOLUTION MEETING NOTES

Meeting Confirmation Date: [          ]          Meeting Held: [ 12-18-06 ]

Student: [ Devin  B.  Howell ]          DOB: [ 1-6-89 ]          [ Kingsbury Day ]

| PARTICIPANTS: (Print Name) | PARTICIPANTS (Sign Name) | POSITION |
|---|---|---|
| Kymberly Grafton | | LEA/CRS |
| Tiece Ruffin, Ph.D. | | Placement Specialist |
| Roy C. Howell | (via phone) | Attorney/Father |
| Patricia  Waller | | Comp. Ed. Specialist |
| | | |
| | | |
| | | |
| | | |
| | | |

[ X ]  **Resolved**          [   ]  **Unresolved**

Introductions were made at the meeting.  The parent's complaint is DCPS failed to provide the student with assistive technology to receive FAPE and compensatory education for 8 months of missed services for the student.

DCPS agrees to provide compensatory education in the form of assistive technology (laptop) along with recommended software by Hospital for Sick Children for the student and a total of 10 hours of tutoring.  DCPS indicated it would take at least 90 days to get the assistive technology with recommended software for the student.  DCPS issued a compensatory education plan for parent's signature at today's session.  DCPS also agrees to convene an MDT meeting in which the student's assistive technology evaluation is reviewed and revise the student's IEP within 20 school days. The student is not obligated to return the laptop and software.

The parent is willing to accept DCPS' offer and will withdraw the hearing quest.  This case is resolved.



**DISTRICT OF COLUMBIA**
**PUBLIC SCHOOLS**

www.k12.dc.us

Date: 12/18/06

**Parent's Name:**
Mr. Roy C. Howell

**Parent's Address:**
8003 Parkside Lane,NW
Washington, DC  20012

**Subject: Resolution Session for**
**Devin B. Howell**

**DOB:**
**1-6-89**

**Attending School: Kingsbury Day**

## SETTLEMENT AGREEMENT

A resolution meeting was held on the above referenced date and an agreement between the parties to this action, District of Columbia Public Schools (hereinafter DCPS) and parent was reached. The parties agree to resolve this matter pursuant to the following terms and conditions (check the box / boxes that apply and initial on corresponding line):

☐ **Eligibility Determination**

___DCPS agrees to issue a prior notice regarding eligibility/ineligibility.
___If the student is found eligible, DCPS will develop an IEP and determine placement.
___DCPS agrees to issue a prior notice of placement within 5 school days, if the placement is public and 30 calendar if the placement is non-public.

☐ **Conduct Evaluations & Hold MDT Meeting**

DCPS agrees to conduct the following assessment(s)/evaluation(s): Or the parent can obtain independent evaluations

☐ psycho-educational evaluation
   Clinical evaluation
☐ speech/language evaluation
   occupational therapy evaluation
☐ physical therapy evaluation
   psychological

Re:    Devin C. Howell

DCPS

□ hearing screening
□ vision screening
audiological assessment
□ classroom observation
functional behavior assessment
□ Vineland Adaptive Scales assessment
□ vocational assessment  (I, II, III) *(circle one) Vocational Inventory Assessment*
□ social history evaluation
□ assistive technology assessment
□ psychiatric assessment
□ neurological evaluation
□ neuropsychological evaluation

If DCPS fails to complete the evaluation/evaluations within the above stated time frame, the parent can secure the above agreed evaluation(s) at the expense of DCPS, consistent with DCPS cost guidelines, not to exceed those specified in the *Superintendents Directive Number 530.6, dated March 20, 2002.*

X Within 20 calendar days of completion or receiving the last independent evaluation, *(assistive*
DCPS will convene an MDT/IEP meeting to review the evaluation(s), amend the
IEP, as appropriate, discuss placement and issue a prior notice, if necessary.    *technology)*

## Fund Independent Evaluations

_____ DCPS agrees to fund the following independent evaluation(s):

educational evaluation
clinical evaluation
speech/language evaluation
occupational therapy evaluation
□ physical therapy evaluation
psychological
□ hearing screening
□ vision-screening
audiological assessment
□ classroom observation
functional behavior assessment
□ Vineland Adaptive Scales assessment
vocational assessment  (I, II, III) *(circle one)*
social history evaluation
□ assistive technology assessment
psychiatric assessment
neurological evaluation
neuropsychological evaluation

The parent agrees that DCPS' cost liability shall not exceed those specified in the *Superintendents Directive Number 530.6, dated March 20, 2002.*

_____ Within 3 school days DCPS will issue a prior notice, upon receipt of the acceptance letter from if the student is accepted.

Re:     Devin C. Howell

DCPS

____If the MDT/IEP team proposes a new placement, DCPS agrees to issue a *prior notice of placement* within 5 school days if the placement is public and within 20 school days if the placement is non-public.

☒    **Compensatory Education**

____DCPS agrees to develop a compensatory education plan by <u>within 45 days of placement at (during the MDT to review placement).</u>

_x__DCPS agrees to implement the attached compensatory education plan.
____Other: _____

☐    **Tutoring**

____DCPS agrees to provide _____ hours of one on one tutoring to compensate for missed specialized instruction.
____Other: _____

**MDT Meeting to Discuss Placement**

_  DCPS agrees to issue a *prior notice of placement* within 5 school days if the placement if public and within 30 calendar days if the placement is non-public.

☐    **Referral for Residential Placement**

____DCPS agrees to send a minimum of three referrals to residential placements within 15 school days of execution of this agreement.

Parent agrees to cooperate fully with DCPS in the implementation of the terms of this settlement agreement. Any delay caused by the student, parent, or their representative as it pertains to testing, meeting dates, or compliance with the terms of this agreement will toll any deadlines herein by one day for each day of delay.

This agreement is in full satisfaction and settlement of all the claims contained in the pending hearing Complaint, including all claims that the parent now asserts or could have asserted as of the date of this agreement.

Both parties agree that they have 3 days to withdraw the settlement agreement. If either party decides to withdraw the settlement agreement said withdrawal must be in writing and provided the other party.

Jurisdiction for this agreement lies within the District of Columbia. This agreement is a legally binding agreement that is enforceable in the U.S. District Court for the District of Columbia or the D.C. Superior Court.

Re:    Devin C. Howell

*DCPS*

Agreed to: _Kymberly Brafton_    _12-18-06_
Principal or designee              Date

Agreed to: _[signature]_    _18th December 2006_
Parent                          Date

# COMPENSATORY EDUCATIONAL PLAN*

| Comp-ED Services |
| Page 1 of 2 |

**Section I:**

Student Name _Devin Howell_ DOB _1/6/89_ Sex _Male_ Grade _12_
Age _17_ Date of IEP ____ Date of Proposal _12/18/06_ Home School _Coolidge Sr. High_
Attending School: _Kingsbury_
Language _English_ Disability _LD - OHI_
Parent Name: _Mr. + Mrs. Howell_ Address: _8003 Parkside Lane NW Wash. DC 20012_
Phone (H): _2/545-2750_ (W): _2/545-0755_
Instructional/Related Services Missed: _due to untimely evaluation + lack of services due to untimely eval._

Time Period in which service Delay/Disruption occurred: _ESY 2006 & Fall 2006_

Description of Compensatory Education due to ____ HOD** ____ SA** ____ MA** _X_ Other _resolution session_

_see complaint & HSC_ (Describe the requirements for DCPS' Comp. ED services _12/18/06_
_Assistive Technology_ based on the HOD/SA/MA document checked above.)
_Team Evaluation_ _due to dispute resolution_

**Section II:** Compensatory Education Services to be provided:

| Skill Areas | Provider | Beginning Date | Duration/Total Hours |
|---|---|---|---|
| _assistive technology – laptop_ | | | |
| _– read aloud software_ | | | |
| _– word prediction software_ | | | |
| _– graphic organizer software_ | | | |

Special Education Goals and Objectives for Compensatory Education Services

Goals and objectives from the current IEP which are to be implemented for Compensatory Education.

| Annual Goals (s) and Objective (s) | Skills Area (s) |
|---|---|
| Annual Goal: _See supporting_ | |
| Objective: _documentation ( HSC assistive tech eval.)_ | |
| Annual Goal: | |
| Objective: | |
| Annual Goal: | |
| Objective: | |
| Annual Goal: | |
| Objective | |

Parent Signature: _[signature]_

Principal Signature: ____

MDT Members: _Irene Ruffin, Ph.D._ Position: _DCPS Placement Specialist_
_Ms. Patricia Waller (via phone)_ _Compensatory Education Specialist_
_Ms. Kymberly Grafton_ _Resolution specialist_
_Mr. Howell, Attorney & Parent_

Page 1   Compensatory Education   Revised October 2004

Comp-ED Services
Page 2 of 2

**Section III: Signatures for Services Rendered:**

| Provider | Service | Total Hours Received | Date |
|---|---|---|---|
| | | | |
| | | | |
| | | | |

Principal Signature: _____ Date: _____

**Section IV:** If the services on the plan are not completed by the end of the school year, or if the student transfers before the services are concluded, the IEP/MDT completes the bottom portion of this proposal, attaches the proposal, lesson objectives, and progress report to the new or current IEP and files the IEP in the student's special education folder. For the transferring student, the special education records, inclusive of the IEP and compensatory education documents are forwarded to the receiving school. Copies of documents must be forwarded to the designated office.

| Services | Frequency | | Setting | Total Hours of Comp. ED services to be provided. |
|---|---|---|---|---|
| | Hr/Min | Wk/Mo. | | |
| | | | | |
| | | | | |
| | | | | |

\* Complete a MDT/IEP Meeting Note Page and attach meeting page and Compensatory Education Plan to IEP. Copy of the plan must be forwarded to the designated office in the Office of Special Education within five (5) school days. \*\*HOD/SA/MA must be attached.

Note: DCPS will discuss the digital voice recorder at the January meeting. Additionally, DCPS will review the assistive tech evaluation and review/revise the IEP at that time as well. DCPS proposed Jan 9, 10, 11, and 16 as dates for the MDT/IEP. Confirmation will occur after collaboration with Kingsbury staff — this will occur in a timely manner.

DCPS
Placement
Spec.

# Superior Court of the District of Columbia

## CIVIL DIVISION

Darlene E. Howell, et al,

Plaintiff

vs.

District of Columbia Defendant
et al.,

RECEIVED
Civil Clerk's Office
JUN 04 2007
Superior Court of the
District of Columbia
Washington, D.C.

No. 0003733-07

## MOTION - (Pro-Se)

MOTION OF: PLAINTIFFS    for    PRELIMINARY INJUNCTION

(State briefly what you want the Court to do) PLAINTIFFS motion to
Compel DEFENDANTS TO IMMEDIATELY COMPLY
WITH 18th DECEMBER 2006 IDEA SETTLEMENT
AGREEMENT AND 10th JANUARY 2007 IEP

Printed name: ROY CARLETON HOWELL

Address: 8003 PARKSIDE LANE, NW
WASHINGTON, DC 2012

Signature: [signature]  415142

Home phone no. (202) 545-0750

Business phone no.

## CERTIFICATE OF SERVICE

On 4th JUNE 2007, 20 07, I mailed this motion to all the lawyers in the case,
the plaintiff(s) and the defendant(s) who do not have lawyers, as listed below:

Name: LINDA SINGER, Attorney General

Address: 441 FOURTH Street, NW #600
WASHINGTON, DC 20001
Adrian FENTY, MAYOR
1350 Pennsylvania Ave, NW
WASHINGTON, DC 20004

Name: Clifford JANEY, Superintenden

Address: 825 North Capitol St, NE
WASHINGTON, DC, 20002

[signature]
Signature

## POINTS AND AUTHORITIES

(Write the reasons why the Court should grant your motion and include Court rules, laws and cases, if any, that support your reasons.)

SEE PETITIONERS' MEMORANDUM OF POINTS
AND AUTHORITIES IN SUPPORT OF T.R.O.

# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION
### Washington, D.C. 20001

DARLENE E. Howell, et al.
_____
Plaintiff

vs.

Civil Action No. 0003793-07 _____

DISTRICT OF COLUMBIA
_____
Defendant

## ORDER

Upon consideration of the motion PRELIMINARY Injunction _____

filed by PLAINTIFFS _____

and after hearing argument on behalf of all parties concerned, it is, by the Court, this _____

day of _____, 20 _____,

ORDERED:

(1) That the motion be, and it is hereby,    ☐ GRANTED    ☐ DENIED

(2) That DEFENDANTS WILL IMMEDIATELY COMPLY WITH THE 18th DECEMBER 2006 SETTLEMENT AGREEMENT, AND 10th JANUARY 2007 IEP. DEFENDANTS WILL REPORT TO THE COURT, IN A SATISFACTORY NOTIFICATION TO THE COURT, THAT THIS ORDER HAS BEEN EXECUTED IN COMPLIANCE WITH LAW AND UNTIL SUCH TIME AS THIS COURT DETERMINES THE RIGHTS OF PLAINTIFFS ARE NO LONGER BEING VIOLATED.

Copies to: Roy Howell, esq.
8603 Parkside Ln, NW
Washington, D.c. 20012

Linda Singer, esq
Attorney General
District of Columbia
441 Fourth St, NW #600

_____
JUDGE

Form CV-545 Apr 03

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
CIVIL DIVISION

RECEIVED
Civil Clerk's Office

JUN 0 4 2007

Superior Court of the
District of Columbia
Washington, D.C.

DARLENE E. HOWELL,
Parent and Next Friend of D. H.
8003 Parkside Lane, N.W.
Washington, D.C. 20012

        Plaintiffs

      v.

DISTRICT OF COLUMBIA,
Serve:  Adrian Fenty, Mayor
Wilson Building
1350 Pennsylvania Avenue, NW
Washington, D.C. 20004

    and

DISTRICT OF COLUMBIA PUBLIC SCHOOLS
Serve:  Clifford Janey, Superintendent
825 North Capitol Street, NE
Washington, D.C. 20002

    and

DISTRICT OF COLUMBIA,
Serve:  Linda Singer, Attorney General
441 Fourth Street, NW
Suite 600 South
Washington, D.C. 20001

        Defendants.

Civil Action No.     0003733-07

JUDGE: _____

## COMPLAINT
(for injunctive and declaratory relief)

**COME NOW** plaintiff Darlene E. Howell as parent and next friend of D.H. by

Attorney Roy Carleton Howell and alleges the following:

1

**BACKGROUND**

1.    This is a Complaint against the District of Columbia Government for violation of a 18th December 2006 Settlement Agreement and 10th January 2007 amended Individual Education Program (IEP) to provide D.H. with a Free Appropriate Public Education (FAPE) pursuant to contract.

2.    This is a Complaint against the District of Columbia Government for violation of a 18th December 2006 Settlement Agreement and 10th January 2007 amended Individual Education Program (IEP) to provide D.H. with a Free Appropriate Public Education (FAPE) pursuant to the *Individuals With Disabilities Education Improvement Act 2004, 20 USC §§ 1400 et seq. (IDEA)*.

**JURISDICTION**

3.    This court has jurisdiction pursuant to *D.C. Code (2001 Edition) § 11-921* and the inherent Common Law and Equitable powers of this court.  In the District of Columbia, settlement agreements are treated as contracts.  *Makins v. District of Columbia, 277 F.3d 544, 548 (D.C. Cir. 2002)*, and "general principles of contract law govern [their] resolution."  *Foretich v. American Broadcasting Companies, Inc., 198 F.3d 270, 274 (D.C. Cir. 1999)*.

4.    This court has jurisdiction pursuant to the *IDEA, 20 USC 1400 et seq.*, and the *Individuals With Disabilities Education Improvement Act 2004, 20 USC 1400 et seq.*

5.    Pursuant to the 18th December 2006 Settlement Agreement, the parties stipulated that the agreement was legally binding with enforcement in the District of Columbia Superior Court or the U.S. District Court for the District of Columbia.  The

2

parties agreed that jurisdiction for the agreement lies within the District of Columbia. *See, Plaintiffs' Memo. For TRO, Exhibit # 1, at p. 6.*

6.     This court has jurisdiction pursuant to the *Rehabilitation Act of 1973 (Section 504), 29 USC 794.*

7.     This court has jurisdiction pursuant to *42 USC 1983 – Civil action for deprivation of rights.*

8.     This court has jurisdiction pursuant to *Americans with Disabilities Act, 42 USC 12101 et seq.*

**PARTIES**

9.     Darlene E. Howell is a resident of the District of Columbia and the mother of special education student D.H. Darlene E. Howell brings this suit on behalf of her learning disabled son D.H. who attends Kingsbury Day School.

10.     The District of Columbia is a municipal corporation that receives federal financial assistance and is required to comply with State statutes, Common Law and Equity, and the applicable regulations and statutes of the *IDEA, ADA, Rehabilitation Act § 504,* and the *IDEIA.*

11.     Adrian Fenty is the Mayor of the District of Columbia and as such is responsible for ensuring that all federal and District laws and regulations are followed, and that all disabled children in the District of Columbia receive a free and appropriate public education *(FAPE)* with their rights to equal protection and due process of law.

12.     Dr. Clifford B. Janey is the Superintendent of the District of Columbia Public Schools (DCPS), and as such is responsible for ensuring that all disabled children in the District of Columbia receive *FAPE* with their rights to equal protection and the due

process of law.

    13.   Linda Singer is the Attorney General for the District of Columbia, and was duly served with this cause of action.

## FACTUAL ALLEGATIONS

    14.   On 18th December 2006 the parties resolved an *IDEA* administrative Complaint at a Resolution Meeting and executed a Settlement Agreement. *See Plaintiffs' Memo. For TRO, Exhibit # 1.*

    15.   On 10th January 2007 the parties amended the IEP for D.H. at a Multidisciplinary Team (MDT) meeting. *See, Plaintiffs' Memo. For TRO, Exhibit # 2.*

    16.   Pursuant to the 18th December 2006 Settlement Agreement and the 10th January 2007 amended IEP, Defendants agreed to provide Plaintiffs the following:

(a)  one laptop computer, *See, Plaintiffs' Memo. For TRO, Exhibit # 1, at p. 3;*

(b)  ten hours of compensatory education in computer tutoring, *See, Plaintiffs' Memo. For TRO, Exhibit # 1, at p. 3;*

(c)  one digital voice recorder, *See, Plaintiffs' Memo. For TRO, Exhibit # 2, at p. 6;*

(d)  Kurzweil software program, *See, Plaintiffs' Memo. For TRO, Exhibit # 2, at p. 5;*

(e)  Inspiration (Graphic Organizer-Software) by Inspiration Software, Inc., *See, Plaintiffs' Memo. For TRO, Exhibit # 2, at p. 5;*

(f)  Co-Writer Solo by Don Johnston, Inc., *See, Plaintiffs' Memo. For TRO, Exhibit # 2, at p. 5.*

    17.   Pursuant to 18th December 2006 Resolution Meeting Notes, Defendants agreed to provide Plaintiff with the aforementioned assistive technology within 90 days from the Settlement Agreement. *See, Plaintiffs' Memo. For TRO, Exhibit # 1, at p. 3.*

    18.   Plaintiffs have emailed, telephoned and made every effort to get Defendants

to comply with the 18th December 2006 **IDEA** Settlement Agreement and 10th January 2007 amended IEP to provide D.H. FAPE, and Defendants have refused to comply with the contract and the law.

19.    Therefore, the Defendants' failure to comply with the 18th December 2006 **IDEA** Settlement Agreement and 10th January 2007 amended IEP has denied D.H. FAPE in violation of **Board of Education of the Hendrick Hudson Central School District v. Rowley, 458 U.S. 176, at p. 189 (1982).**

**COUNT I**

20.    Plaintiffs repeat and re-allege paragraphs 1-19 of this Complaint.

21.    Defendants have breached the 18th December 2006 **IDEA** Settlement Agreement and 10th January 2007 amended IEP by failure to provide the agreed upon assistive technology pursuant to contract. *See, 34 C.F.R. § 300.350 (a) (1) & (2)* which require Defendants to "(1) provide special education and related services to a child with a disability in accordance with the child's IEP; and (2) make a good faith effort to assist the child to achieve the goals and objectives on benchmarks listed in the IEP.

22.    WHEREFORE, Plaintiff demands that Defendants be immediately enjoined from refusing to provide D.H. with the assistive technology pursuant to the 18th December 2006 **IDEA** Settlement Agreement and 10th January 2007 amended IEP.

**COUNT II**

23.    Plaintiffs repeat and re-allege paragraphs 1-19 of this Complaint.

24.    Defendants have breached the 18th December 2006 **IDEA** Settlement Agreement and 10th January 2007 amended IEP by failure to provide the agreed upon assistive technology pursuant to contract. Defendants' violation of the **IDEA** Settlement

Agreement was a breach of contract. *Makins v. District of Columbia, 277 F.3d 544, 548 (D.C. Cir. 2002)*, and "general principles of contract law govern [their] resolution." *Foretich v. American Broadcasting Companies, Inc., 198 F.3d 270, 274 (D.C. Cir. 1999)*.

25.     WHEREFORE, Plaintiff demands that Defendants be immediately enjoined from refusing to provide D.H. with the assistive technology pursuant to the 18th December 2006 *IDEA* Settlement Agreement and 10th January 2007 amended IEP.

**COUNT III**

26.     Plaintiffs repeat and re-allege paragraphs 1-19 of this Complaint.

27.     Defendants' ongoing failure to comply with the 18th December 2006 *IDEA* Settlement Agreement and 10th January 2007 amended IEP continues to denied D.H. FAPE  in violation of *Board of Education of the Hendrick Hudson Central School District v. Rowley, 458 U.S. 176, at pp 189 (1982)*.

28.     WHEREFORE, Plaintiff demands that Defendants be immediately enjoined from refusing to provide D.H. with the assistive technology pursuant to the 18th December 2006 *IDEA* Settlement Agreement and 10th January 2007 amended IEP.

**COUNT IV**

29.     Plaintiff repeats and re-alleges paragraphs 1-19 of this Complaint.

30.     Defendants' intend to cause irreparable harm and injury to the special education student DH by refusing to provide the assistive technology.

31.     D.H. will be become a dysfunctional adult, illiterate and unable to function within society without the assistive technology mandated by his IEP.  D.H. will suffer immediate irreparable injury from the government's ongoing violations of Plaintiff's

statutory, Common Law, Equitable, and regulatory rights.

32.    WHEREFORE, Plaintiffs move this court to immediately order Defendants to provide D.H. with the assistive technology per the 18th December 2006 *IDEA* Settlement Agreement and 10th January 2007 amended IEP.

**REMEDY**

**WHEREFORE,** plaintiff respectfully requests that this court do the following:

1.    Issue judgment for Plaintiffs and against Defendants;

2.    Order Defendants to immediately comply with the 18th December 2006 *IDEA* Settlement Agreement and 10th January 2007 amended IEP.

3.    Award attorneys' fees and costs for the litigation of this case in this court pursuant to statute, regulations, contract law, and federal common law.  *20 USC 1415 (i) (3) (B).*

4.    Award any other relief the court deems just and or equitable.

Respectfully submitted,

Roy Carleton Howell, No. 415142
8003 Parkside Lane, N.W.
Washington, D.C. 20012
Home Phone (202) 545-0750
Office Phone (202) 545-0755

Attorney for Plaintiff

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

DARLENE E. HOWELL, *et al al.*,

     Plaintiffs

     v.

DISTRICT OF COLUMBIA,
     Defendants.

0003793-07

Civil Action No. _____

JUDGE: _____

## NOTICE OF HEARING
## BEFORE THE JUDGE IN CHAMBERS

The District of Columbia, Defendant, is hereby given Notice that Plaintiffs will

argue the Motion for Temporary Restraining Order on _____

_____ at _____ before the Judge In Chambers.

The District of Columbia, Defendant, is to appear before the Judge In Chambers

located at 500 Indiana Avenue, NW (Fourth Floor) Washington, D.C. 20001. The

telephone number for the Judge In Chambers is (202) 879-1450.

### CERTIFICATE OF SERVICE

I, Roy Carleton Howell, do hereby certify that a copy of this Notice of Hearing
Before The Judge In Chambers was served by my process server with the Complaint,
Motion for TRO, Memorandum of Points and Authorities in Support of TRO, and Order
upon Linda Singer, esquire, Attorney General, 441 Fourth Street, NW, Suite 600 South,
Washington, D.C. 20001, Mayor Adrian Fenty, 1350 Pennsylvania Avenue, N.W.
Washington,D.C. 20004, and Superintendent Clifford Janey, 825 North Capitol Street,
N.E., Washington, D.C. 20002.

Respectfully submitted,

_____
Roy Carleton Howell, No. 415142
8003 Parkside Lane, N.W.
Washington, D.C. 20012
Home Phone # (202) 545-0750
Office Phone # (202) 545-0755

07-1066
RMU

## CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Darlene E. Howell | District of Columbia, Adrian Fenty, Linda Singer |

110 0                                                                                              110 01

| | |
|---|---|
| (b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _Washington D.C._ (EXCEPT IN U.S. PLAINTIFF CASES) | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _Washington D.C._ (IN U.S. PLAINTIFF CASES ONLY) NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED |

| (c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER) | |
|---|---|
| Roy Carleton Howell 8003 Parkside Lane, NW Washington DC 20012 202-545-0755 | Case: 1:07-cv-01066 Assigned To : Urbina, Ricardo M. Assign. Date : 6/15/2007 Description: TRO/PI |

### II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ○ 1 U.S. Government Plaintiff
- ◉ 3 Federal Question (U.S. Government Not a Party)
- ○ 2 U.S. Government Defendant
- ○ 4 Diversity (Indicate Citizenship of Parties in item III)

### III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

### IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

**○ A. Antitrust**
- ☐ 410 Antitrust

**○ B. Personal Injury/ Malpractice**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Medical Malpractice
- ☐ 365 Product Liability
- ☐ 368 Asbestos Product Liability

**○ C. Administrative Agency Review**
- ☐ 151 Medicare Act

Social Security:
- ☐ 861 HIA ((1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g)
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g)

Other Statutes
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☒ 890 Other Statutory Actions (If Administrative Agency is Involved)

**◉ D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

---

**○ E. General Civil (Other)**         OR         **○ F. Pro Se General Civil**

Real Property
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent, Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

Personal Property
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

Bankruptcy
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

Prisoner Petitions
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

Property Rights
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

Federal Tax Suits
- ☐ 870 Taxes (US plaintiff or defendant
- ☐ 871 IRS-Third Party 26 USC 7609

Forfeiture/Penalty
- ☐ 610 Agriculture
- ☐ 620 Other Food &Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 RR & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

Other Statutes
- ☐ 400 State Reapportionment
- ☐ 430 Banks & Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation

- ☐ 470 Racketeer Influenced & Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Satellite TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 900 Appeal of fee determination under equal access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| O  G. *Habeas Corpus/ 2255* | O  H. *Employment Discrimination* | O  I. *FOIA/PRIVACY ACT* | O  J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment<br>(criteria: race, gender/sex,<br>national origin,<br>discrimination, disability<br>age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions<br>(if Privacy Act)<br><br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted<br>Student Loans<br>(excluding veterans) |

| O  K. *Labor/ERISA (non-employment)* | O  L. *Other Civil Rights (non-employment)* | O  M. *Contract* | O  N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting &<br>Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights<br>Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-<br>Employment<br>☐ 446 Americans w/Disabilities-<br>Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment &<br>Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of<br>Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting<br>(if Voting Rights Act) |

**V. ORIGIN**

O 1 Original Proceeding    Ⓞ 2 Removed from State Court    O 3 Remanded from Appellate Court    O 4 Reinstated or Reopened    O 5 Transferred from another district (specify)    O 6 Multi district Litigation    O 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

Individuals with Disabilities Education Improvement Act of 2004, 20 USC 1400 et seq. Plaintiff alleges a violation of a settlement agreement.

**VII. REQUESTED IN COMPLAINT**    ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $ _____    Check YES only if demanded in complaint<br>JURY DEMAND:   YES ☐   NO ☐

**VIII. RELATED CASE(S) IF ANY**    (See instruction)    YES ☐   NO ☒    If yes, please complete related case form.

DATE  6/14/07    SIGNATURE OF ATTORNEY OF RECORD  *Maria L. Merkowitz*

15

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.    COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.    CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.    CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.    CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.    RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.