IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____

DARLENE E. HOWELL,
Parent and Next Friend of D. H.,


      Plaintiffs


      v.                                                   Civil Action No. **1:07-cv-1066** (RMU)


DISTRICT OF COLUMBIA, *et al.,*


      Defendants

### PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Pursuant to *Federal Rule of Civil Procedure 56(a)* and Defendants' admission of violation of the 18th December 2006 Settlement Agreement and 10th January 2007 amended IEP, Plaintiff moves for summary judgment. In support of this motion, Plaintiff files a memorandum of points and authorities, statement of material facts, and exhibit.

      Respectfully submitted,

      */s/ Roy Carleton Howell*
      ROY CARLETON HOWELL (415142)
      8003 Parkside Lane, N.W.
      Washington, D.C. 20012
      (202) 545-0750
      Fax – (202) 545-0525
      Email – professorhowell1954@yahoo.com

18th September 2007

2

## CERTIFICATE OF SERVICE

    I, Roy Carleton Howell, do certify that this motion for Summary Judgment, memorandum of points and authorities, statement of material facts, exhibit and proposed Order were served upon Maria L. Merkowitz at 441 Fourth Street, NW, Washington, D.C., 6th floor, Washington, D.C, 20001 via ECF on 18th September 2007.

*/s/ Roy Carleton Howell*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DARLENE E. HOWELL,
Parent and Next Friend of D. H.,

      Plaintiffs

    v.                            Civil Action No. **1:07-cv-1066** (RMU)

DISTRICT OF COLUMBIA, *et al.,*

      Defendants.

**STATEMENT OF POINTS AND AUTHORITIES**

    Pursuant to the Court's 28th August 2007 ORDER, Plaintiff was required to file a reply to Defendants' opposition on or before 21st September 2007. However, Defendants have admitted on the record their violation of the 18th December 2006 Settlement Agreement and 10th January 2007 amended IEP. Therefore, for the reasons set forth below this Court must issue an ORDER in Plaintiff's favor pursuant to ***Federal Rule of Civil Procedure 56 (a)***.

**CERTIFICATE:**

    Counsel for Plaintiff telephoned Defendants' lawyers to get consent for this motion on 17th September 2007. Counsel for Plaintiff was unable to get Defendants' consent.

**FACTS:**

    Defendants have admitted violation of the 18th December 2006 Settlement

Agreement and 10th January 2007b amended IEP. Defendants state the following admission of facts:

> Pursuant to the settlement agreement and amended IEP, DCPS agreed to provide the student with a lap top computer, several software programs, a digital voice recorder, and ten hours of compensatory education. ***See, Defendants' Opposition to Plaintiff's Motion for Temporary Restraining Order, at p. 2.***

Next, Defendants intentionally **misled** this Court by stating no time frame was set for providing the assistive technology and services, *to wit:*

> No time frame was set forth for provision of the assistive technology or services, and DCPS indicated it would take at least 90 days to obtain everything. ***See, Defendants' Opposition to Plaintiff's Motion for Temporary Restraining Order, at p. 2.***

Pursuant to the 18th December 2006 Resolution Meeting Notes, Defendants agreed to provide the assistive technology and services within 90 days from the 18th December 2006 Settlement Agreement. ***See, Petitioner's Memorandum of Points and Authorities in Support of Temporary Restraining Order, Exhibit # 2, at <u>Resolution Meeting Notes.</u>*** The 90th day was 18th March 2007. The assistive technology was not provided until some five months later, while the tutorial services have **not** been provided yet.

### DEFENDANTS HAVE FAILED TO PROVIDE
### THE TEN HOURS OF TUTORING SERVICES

At all times Plaintiff has acted in good faith in compliance with the 18th December 2006 Settlement Agreement. Plaintiff has made many, many telephone calls to get DCPS to comply with the 18th December 2006 Settlement Agreement and 10th January 2007 amended IEP.

Plaintiff telephoned DCPS tutor, Dr. Mebane, immediately in July upon being given her name and telephone number for tutorial services. ***See, attached Declaration of Darlene Eubank Howell.*** First, Dr. Mebane of DCPS stated she would be on vacation

4

for the entire month of August and will not be able to provide the tutoring services. Second, Plaintiff telephoned Dr. Mebane of DCPS at the start of September and Dr. Mebane stated she could not meet the student because of a planned family birthday. Third, Plaintiff telephoned Dr. Mebane of DCPS later in September and Dr. Mebane stated she could not meet the student because of a Delta sorority matter.  Fourth, Plaintiff telephone Dr. Mebane of DCPS and Dr. Mebane stated she was unable to provide the tutorial because of an important matter within her church.  Finally, the first and only tutorial just took place on 15th September 2007 for one hour.  There are nine tutorial service hours outstanding.  It has taken DCPS over six months to provide only one hour of tutorial service.

      Plaintiff telephones the DCPS tutor constantly to set up reasonable dates and times. The tutor does not call back, or will call back and let the phone ring once and hang up before the telephone can be answered.  DCPS (*i.e. Defendants*) did not make any effort of compliance with the 18th December 2006 Settlement Agreement and 10th January 2007 amended IEP until Plaintiff filed a law suit.  It is necessary for this Court to maintain jurisdiction to compel DCPS to fully comply with 18th December 2006 Settlement Agreement and 10th January 2007 amended IEP.

## THIS IS A CASE OF CONTROVERSY

      Plaintiff has **not** received the full relief that Defendants admit Plaintiff is due as a matter of law.  The tutorial services have not been provided, and therefore this is still a case of controversy.  ***Board of School Commissioners of the City of Indianapolis, et al., v. Jacobs, et al., 420 U.S. 128, 129 (1975).***

### CAPABLE OF REPETITION YET EVADING REVIEW

Here, *sub judice,* DCPS has **not** provided the ten hours of tutorial services pursuant to the 18th December 2006 Settlement Agreement and 10th January 2007 amended IEP. As aforementioned, the background of this case is that DCPS ignored the 18th December 2006 Settlement Agreement and 10th January 2007 amended IEP until Plaintiff filed suit on 18th June 2007.

It is because of this litigation that DCPS has provided assistive technology, and the promise of tutorial services. To date those promised services have not been provided. Moreover, once this Court dismisses this case, DCPS will again breach the 18th December 2006 Settlement Agreement and 10th January 2007 amended IEP, and no services will be provided. In turn there is reasonable expectation that Plaintiff will be subjected to the same action again.

Consequently, this case falls under the exception to the mootness doctrine. Pursuant to the doctrine of "capable of repetition yet evading review," this case is an exception to mootness. First, the challenged action is in its duration too short to be fully litigated prior to its cessation or expiration. Second, there is a reasonable exception that the same complaining party will be subjected to the same action again. ***Zearley v. Ackerman, 116 F.Supp.2d 109, 112 (D.D.C. 2000).***

> It is well established that violations of IDEA satisfy both prongs of this test. ***Zearley v. Ackerman, 116 F.Supp.2d 109, 112 (D.D.C. 2000).***

### PLAINTIFF SUES FOR THE FILING FEES OF THIS SUIT

Plaintiff demands the $170.00 filing fees paid the Superior Court of the District of Columbia. Plaintiff paid $170.00 for the costs of filing a Civil Complaint and motions.

6

***Woodside v. School Dist. of Philadelphia, 248 F.3d 129, 130-131*** held that a parent/attorney can not recover attorney's fees pursuant to the IDEA.  ***Woodside, supra*** did not prohibit the parent/attorney from recovering Court filing fees.  Likewise, ***Doe v. Board of Education of Baltimore County, 165 F.3d 260, 262 (4th Cir. 1998)*** does not prohibit the parent/attorney from recovering filing fees.  ***Doe, supra*** prohibits the parent/attorney from recovering IDEA attorney's fees.  Plaintiff demands $170.00 in Court filing fees in this case ***sub judice.***

### LEGAL STANDARD FOR SUMMARY JUDGMENT

To prevail on a motion for summary judgment, the moving party must demonstrate, based on the pleadings, discovery, and any affidavits submitted, that there is no genuine issue as to any material fact and that it is thus entitled to judgment as a matter of law. ***Grant v. May Department Stores Co., 786 A.2d 580,583 (D.C. 2001);  Federal Rule Civil Procedure 56(c).***  A trial court considering a motion for summary judgment must view the pleadings, discovery materials, and affidavits in the light most favorable to the non-moving party and may grant the motion only if a reasonable jury, having drawn all reasonable inferences in favor of the non-moving party, could not find for the non-moving party based on the evidence in the record. ***Id. at 583 (citing Nader v. DeTolendano, 408 A.2d 31, 42 (D.C. 1979);  Bailey v. District of Columbia, 668 A.2d 812, 816 (D.C. 1995).***  As a matter of law and fact Plaintiff's motion for summary judgment must be granted.

### CONCLUSION

Based upon Defendants' admissions this Court must grant Plaintiff summary judgment as a matter of law

Respectfully submitted,

                        **/s/ Roy Carleton Howell**
                        ROY CARLETON HOWELL (415142)
                        8003 Parkside Lane, N.W.
                        Washington, D.C. 20012
                        (202) 545-0750
                        Fax – (202) 545-0525
                        Email – professorhowell1954@yahoo.com

18th September 2007

## CERTIFICATE OF SERVICE

I, Roy Carleton Howell, do certify that this motion for Summary Judgment, memorandum of points and authorities, statement of material facts, exhibit and proposed Order were served upon Maria L. Merkowitz at 441 Fourth Street, NW, Washington, D.C., 6th floor, Washington, D.C, 20001 via ECF on 18th September 2007.

                        **/s/ Roy Carleton Howell**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DARLENE E. HOWELL,
Parent and Next Friend of D. H.,

       Plaintiffs

       v.                       Civil Action No. **1:07-cv-1066** (RMU)

DISTRICT OF COLUMBIA, *et al.,*

       Defendants

## STATEMENT OF MATERIAL FACTS

1. The 18th December 2006 is a valid IDEA Settlement Agreement between the parties which Defendants have violated.

2. The 10th January 2007 amended IEP is a valid IEP which the Defendants have violated.

3. Pursuant to the 18th December 2006 IDEA Settlement Agreement, Defendants had 90 days to provide Plaintiff with assistive technology and services. Defendants failed to provide the assistive technology and services within 90 day per agreement.

4. The assistive technology was not provided until about five months after exhaustion of the 90 day period per Settlement Agreement.

5. The tutorial services have not been provided.

6. Plaintiff, Darlene E. Howell, has always acted in good faith in these matters.

7. The DCPS tutor, Dr. Mebane, has acted in bad faith and refuses to provide the

tutorial services.

8.  Plaintiff telephoned DCPS tutor, Dr. Mebane, immediately in July upon being given her name and telephone number for tutorial services.

9.  First, Dr. Mebane of DCPS stated she would be on vacation for the entire month of August and will not provide the tutoring services.

10. Second, Plaintiff telephoned Dr. Mebane of DCPS at the start of September and Dr. Mebane stated she could not meet the student because of a planned family birthday.

11. Third, Plaintiff telephoned Dr. Mebane of DCPS later in September and Dr. Mebane stated she could not meet the student because of a Delta sorority matter.

12. Fourth, Plaintiff telephoned Dr. Mebane of DCPS and Dr. Mebane stated she was unable to provide the tutorial services because of an important matter within her church.

13. Finally, the first and only tutorial just took place on 15th September 2007 for one hour.

14. There are nine tutorial service hours outstanding.

15. It has taken DCPS over six months to provide only one hour of tutorial service.

16. Currently Plaintiff constantly telephones the DCPS tutor, Dr. Mebane, to set up reasonable dates and times.

17. Currently, the tutor does not call back or will call back and let the phone ring once and hangs up before the telephone can be answered.

18. DCPS (*i.e. Defendants*) did not make any effort of compliance with the 18th December 2006 Settlement Agreement and 10th January 2007 amended IEP until Plaintiff filed a law suit.

19. It is necessary for this Court to maintain jurisdiction to compel DCPS to fully comply with 18th December 2006 Settlement Agreement and 10th January 2007 amended

IEP.

                              Respectfully submitted,

                              */s/ Roy Carleton Howell*
                              ROY CARLETON HOWELL (415142)
                              8003 Parkside Lane, N.W.
                              Washington, D.C. 20012
                              (202) 545-0750
                              Fax – (202) 545-0525
                              Email – professorhowell1954@yahoo.com

18th September 2007

**CERTIFICATE OF SERVICE**

    I, Roy Carleton Howell, do certify that this motion for Summary Judgment, memorandum of points and authorities, statement of material facts, exhibit and proposed Order were served upon Maria L. Merkowitz at 441 Fourth Street, NW, Washington, D.C., 6th floor, Washington, D.C, 20001 via ECF on 18th September 2007.

                              */s/ Roy Carleton Howell*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DARLENE E. HOWELL,
Parent and Next Friend of D. H.,

      Plaintiffs

      v.                     Civil Action No. **1:07-cv-1066** (RMU)

DISTRICT OF COLUMBIA, *et al.,*

      Defendants

**DECLARATION OF DARLENE E. HOWELL**

**I declare under penalty of perjury the foregoing is true and correct pursuant to** *28 U.S.C. § 1746 (2)***:**

1.     My name is Darlene E. Howell. I am the parent of D.K.

2.     The 18th December 2006 is a valid IDEA Settlement Agreement between the parties which Defendants have violated.

3.     The 10th January 2007 amended IEP is a valid IEP which the Defendants have violated.

4.     Pursuant to the 18th December 2006 IDEA Settlement Agreement, Defendants had 90 days to provide Plaintiff with assistive technology and services.  Defendants failed to provide the assistive technology and services within 90 days per agreement.

5.     The assistive technology was not provided until about five months after exhaustion of the 90 day period per Settlement Agreement.

6. Karen Shaw instructed me to pick up the laptop computer at a certain day and time at the DCPS Office of Special Education. Upon arrival Karen Shaw was not there, and DCPS would not give me the laptop.

7. Subsequently, I returned to DCPS and waited to get the laptop. Karen Shaw arrived much later and I got the laptop computer.

8. The tutorial services have not been provided.

9. The affiant has always acted in good faith in these matters.

10. The DCPS tutor, Dr. Mebane, has acted in bad faith and refuses to provide the tutorial services.

11. The affiant telephoned DCPS tutor, Dr. Mebane, immediately in July upon being given her name and telephone number for tutorial services.

12. First, Dr. Mebane of DCPS stated she would be on vacation for the entire month of August and will not provide the tutoring services at that time.

13. Second, affiant telephoned Dr. Mebane of DCPS at the start of September and Dr. Mebane stated she could not meet the student because of a planned family birthday.

14. Third, affiant telephoned Dr. Mebane of DCPS later in September and Dr. Mebane stated she could not meet the student because of a Delta sorority matter.

15. Fourth, affiant telephoned Dr. Mebane of DCPS and Dr. Mebane stated she was unable to provide the tutorial services because of an important matter within her church.

16. Finally, the first and only tutorial just took place on 15th September 2007 for one hour.

17. There are nine tutorial service hours outstanding.

18. It has taken DCPS over six months to provide only one hour of tutorial service.

19.     Currently affiant constantly telephones the DCPS tutor, Dr. Mebane, to set up reasonable dates and times.

20.     Currently, the tutor does not call back or will call back and let the phone ring once and hangs up before the telephone can be answered.

21.     DCPS (*i.e. Defendants*) did not make any effort of compliance with the 18th December 2006 Settlement Agreement and 10th January 2007 amended IEP until affiant filed a law suit.

22.     It is necessary for this Court to maintain jurisdiction to compel DCPS to fully comply with 18th December 2006 Settlement Agreement and 10th January 2007 amended IEP.

23.      The affiant states that Dr. Mebane of DCPS provides constant excuses for not providing the tutorial services, and Dr. Mebane's statement about "unforeseen traffic" in Karen Shaw Declaration is another excuse which is not honest.

>                               */s/ Darlene E. Howell*
>                               **Darlene E. Howell**
>                               **EXECUTED 18th September 2007**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
DARLENE E. HOWELL,
Parent and Next Friend of D. H.,


      Plaintiffs


      v.                          Civil Action No. **1:07-cv-1066** (RMU)


DISTRICT OF COLUMBIA, *et al.,*


      Defendants

## **O R D E R**

Upon consideration of Plaintiff's Motion for Summary Judgment, any opposition, and the entire record, it is this _____ day of _____ 2007

**ORDERED,** that Plaintiff's Motion is **GRANTED.**

**ORDERED,** that Defendants shall provided all services within 30 days of this **ORDER.**

**ORDERED,** Defendants will pay Plaintiff $170.00 for Superior Court costs.

_____        _____
Date                                                  Honorable Ricardo M. Urbina

cc:  Roy Carleton Howell, Esq.
     8003 Parkside Lane, NW
     Washington, D.C. 20012

     Maria L. Merkowitz, Esq.
     441 Fourth St, 6th Floor
     Washington, D.C. 20001