IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DARLENE E. HOWELL,
Parent and Next Friend of D. H.,

      Plaintiff

     v.                                        Civil Action No. **1:07-cv-1066** (RMU)

DISTRICT OF COLUMBIA, *et al.,*

      Defendants

**REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT**

Pursuant to LCvR 7.1(d) Plaintiff files a reply to Defendants' Opposition to Plaintiff's Motion for Summary Judgment.

**(I)   THERE ARE NO FACTS IN DISPUTE**

**(a) The Facts**

By the Defendants' own admission, the parties agree to the following: (1) the parties executed an 18th December 2006 Settlement Agreement. (2) the parties executed a 10th January 2007 Amended IEP.  ***See, Defendants' Opposition to Plaintiff's Motion for Temporary Restraining Order at p. 2.***

Next, the parties agree that the assistive technology *(i.e. lap top computer, software programs and digital voice recorder)* have been provided.

> The assistive technology was not provided until some five months later, while the tutorial services have **not** been provided yet.  ***See, Plaintiff's Motion for Summary Judgment, Statement of Points and***

1

>*Authorities*, at p. 4.  *Also see, Defendants' Opposition
>to Plaintiff's Motion for Temporary Restraining
>Order* at p. 4.

Again, by Defendants' own admission they acknowledge the legal obligation to provide ten hours of tutoring services to the Plaintiff, *to wit:*

>. . . DCPS agreed to provide D.H. . . . ten hours of
>compensatory education.  *See, Defendants' Opposition
>to Plaintiff's Motion for Summary Judgment* at p. 1.

Therefore, a party is entitled to Summary Judgment if no genuine issue of material fact exists and the moving party is entitled to a judgment as a matter of law.  ***Farmland Industries, Inc. v. Grain Bd. Of Iraq, 904 F.2d 732, 735 (D.C. Cir. 1990)***.

**(b)  Plaintiff sincerely wants computer tutorials for her son**

There are no facts in dispute in this case.  Defendants attempt to manufacture an issue as to whether Plaintiff prevented DCPS from providing the tutorials.  Defendants argue that "Plaintiff's actions in this matter have thwarted DCPS attempts."  ***See, Defendants' Opposition to Plaintiff's Motion for Summary Judgment*** at p. 4.

Plaintiff sued Defendants for assistive technology and computer tutoring pursuant to an agreement and amended IEP.  Therefore, what motive does Plaintiff have in now denying her child tutoring in the use of the computer and software?  Consequently, Defendants' argument that Plaintiff thwarted DCPS' attempts to provide her child computer tutoring is ridiculous.

The foregoing arguments of Defendants are designed to delay, frustrate and create expense for Plaintiff.  Instead of meeting the child each Saturday for home tutorials per agreement, Defendants blame the victim for the government's failures.  Defendants cite ***MM v. School Dist. of Greenville County, 303 F3d 523, 536 (4th Cir. 1996)*** as

2

authority. However, *MM, v. School Dist. of Greenville County, supra*, is distinguished from the case at bar. In *MM v. School Dist. of Greenville County, Id. 536,* "the Parents refused to cooperate with the District." Here, *sub judice*, the parents have literally begged DCPS to provide the assistive technology and tutorials for using the computer technology.

**(c)  Defendants' failed to provide the tutorials at Kingsbury**

By Defendants' own admission, they were to pay Kingsbury School to provide the child with ten hours of computer tutoring in the use of the new computer and software. *See, Defendants' Opposition to Plaintiff's Motion for Summary Judgment*, at p. 5. Inasmuch as Defendants violated the agreement and amended IEP by not delivering the computer and software until 20th July 2007 *(See, Defendants' Opposition to Plaintiff's Motion for Temporary Restraining Order, DECLARATION OF KAREN SHAW, at p. 1, ¶ 5),* it was impossible for the tutorials to take place at Kingsbury because school had ended in early June.

Defendants' arguments are in conflict. First, Defendants argue that the tutorials were to take place at Kingsbury where school ends in early June. Next, Defendants argue that they were not obligated to provide the assistive technology and tutorials within 90 days of the 18th December 2006 settlement agreement. *See, Defendants' Opposition to Plaintiff's Motion for Summary Judgment* at p. 7. How can Defendants provide the computer equipment on 20th July 2007 and expect Kingsbury to provide tutorials when school ended early June? Defendants' two arguments conflict, and make no sense.

**(d)  The tutorial agreement**

Once Defendants breached the agreement and amended IEP, the parties agreed the

3

tutorials would take place every Saturday for one hour at the child's home. Defendants admit this aforementioned fact, *to wit:*

> . . . Dr. Mebane agreed to visit the student at his home, on Saturdays . . . ***See, Defendants' Opposition to Plaintiff's Motion for Summary Judgment***, at p. 5.

Defendants' agent, Dr. Mebane, refused to provide a set scheduled time for the Saturday tutorial. Therefore, it is impossible for Plaintiff to do business with Defendants. Dealing with Dr. Mebane is like an ongoing "crap game." Calling Dr. Mebane is like rolling the dice against an adversary. **Dr. Mebane has provided only one hour of tutorial.** She has **absolutely not** provided an hour and one half. All of DCPS' actions in the execution of the agreement and amended IEP have been ongoing incompetence, and dishonesty.

**(e)  Plaintiff's motion for Summary Judgment is appropriate**

In view of the foregoing, Plaintiff's Motion for Summary Judgment complies with LCvR 7.1 (h) and LCvR 56.1. Hence, Plaintiff's statement of material facts is proper. ***See, Jackson v. Finnegan, Henderson, Farabow, Garrett, 101 F.3d 145, 151 (D.C. Cir. 1996)***.

**(II)     PLAINTIFF'S DEMAND FOR FILING FEES**

Plaintiff demands the $170.00 filing costs for the complaint and motion in Superior Court. The ***Individuals With Disabilities Education Improvement Act, 20 U.S.C. § 1415 (i) 3 (B) and (D)*** does not prohibit a parent-attorney from recovering the costs to file a law suit. Moreover, federal case law does not prohibit a parent-attorney from recovering the costs to file a law suit. ***See, Woodside v. The School District of Philadelphia Board of Education, 248 F.3d 129, 131 (3rd Cir. 2001)***. *Also see, In Doe v. Board of*

*Education of Baltimore, 165 F. 3d 260,261 (4th Cir. 1998), cert. denied 526 U.S. 1159 (1999)*.  The aforementioned cases held that an attorney-parent can not recover attorney's fees.

**CONCLUSION**

Here, ***sub judice***, there are no material facts in dispute.  This case is simple and straight forward.  Defendants attempt to manufacture issues which do not exist.

The remedy is very simple for this Court to understand:  (1)  Order the DCPS tutor to comply with the agreed Saturday tutorial, and provide an **exact** time for tutorials.[1]  (2) Order DCPS to provide the remaining nine hours of tutoring pursuant to the agreement and amended IEP;  (3)  Order DCPS to pay Plaintiff the $170.00 out of pocket paid Superior Court.

Respectfully submitted,

*/s/ Roy Carleton Howell*
Roy Carleton Howell [415142]
8003 Parkside Lane, N.W.
Washington, D.C. 20012
(202) 545-0750
Fax – (202) 545-0525
Email – professorhowell1954@yahoo.com

CERTIFICATE OF SERVICE

I, Roy Carleton Howell, do hereby certify that this Reply to Defendants' Opposition to Plaintiff's Motion for Summary Judgment was served upon Maria L. Merkowitz at 441 Fourth Street, NW, Washington, D.C. 6th floor, Washington, D.C. 20001 via ECF on 5th October 2007.

*/s/ Roy Carleton Howell*

---

[1] The parties agreed that Dr. Mebane would provide the tutorial every Saturday.  Plaintiff needs the **exact** time each Saturday Dr. Mebane will provide the tutorial.

5